Percy A. Sinclair *vs.* Director of the Division of
Employment Security & another.

Suffolk.   December 7, 1953. — January 29, 1954.

Present: Qua, C.J., Lummus, Wilkins, Spalding, & Counihan, JJ.

*Employment Security,* Procedure: findings by board of review. *Quasi
Judicial Tribunal. Evidence,* Hearsay evidence. *Words,* "Substan-
tial evidence."

The words "supported by any evidence" in G. L. (Ter. Ed.) c. 151A,
  § 42, as appearing in St. 1943, c. 534, § 6, as amended by St. 1947,
  c. 434, mean supported by substantial evidence such as a reasonable
  mind might accept as adequate to support a conclusion. [102]
A decisive finding by the board of review in the division of employment
  security based wholly on hearsay was not "supported by any evi-
  dence" within G. L. (Ter. Ed.) c. 151A, § 42, as appearing in St. 1943,
  c. 534, § 6, as amended by St. 1947, c. 434, and could not stand. [103–
  104]

Petition, filed in the Municipal Court of the City of
Boston on December 22, 1950, for review of a decision of
the board of review in the division of employment security.

The case was heard by *Tomasello,* J.

*Angelo Morello,* for the petitioner.

*Stephen F. LoPiano, Jr.,* Assistant Attorney General,
(*John A. Hayes* with him,) for the director of the division of
employment security.

Wilkins, J.   In this appeal from the decision of a District
Court judge under G. L. (Ter. Ed.) c. 151A, § 42, as appear-
ing in St. 1943, c. 534, § 6, as amended by St. 1947, c. 434,
the petitioner challenges the statement in the judge's report
that "there is some evidence to support the finding of
the board of review," which denied unemployment benefits
under the employment security law.   The petitioner was
discharged by the respondent Hayes Bickford Lunch System,
Inc., a chain lunchroom operator, on September 25, 1950.
An original determination that he was entitled to benefits
was reversed by the authorized representative of the director.

G. L. (Ter. Ed.) c. 151A, § 39, as appearing in St. 1949, c. 659. This action was upheld by the board of review after a hearing by a review examiner. G. L. (Ter. Ed.) c. 151A, § 41, as appearing in St. 1941, c. 685, § 1. The ground for the denial of benefits was that the petitioner was guilty of "deliberate misconduct in wilful violation of the employing unit's interest." G. L. (Ter. Ed.) c. 151A, § 25 (e) (2), as appearing in St. 1941, c. 685, § 1.

The specific misconduct found by the review examiner was that the petitioner, who was employed as a counterman, did not comply with a company rule that each sale must be rung in on the cash register. That the rule was known to the petitioner is apparently not in question.

The only witnesses before the review examiner were the petitioner and one Mason, personnel manager of the company. Mason's testimony on the vital issue was entirely hearsay. He expressly disclaimed any contention that the petitioner had misappropriated funds, and testified that on three occasions it had been reported to one Morrissey, the general manager of the company in Boston, that the petitioner had not registered a sale promptly. The respective informants were a company official from New York named Davenport; one Moore, "president of our California branch"; and "a trusted employee" who worked in the same restaurant as the petitioner.

The applicable statutory provision is: "the findings of the board of review as to the facts, if supported by any evidence, shall be conclusive . . . ." G. L. (Ter. Ed.) c. 151A, § 42, as appearing in St. 1943, c. 534, § 6, as amended by St. 1947, c. 434. *Wagstaff* v. *Director of the Division of Employment Security*, 322 Mass. 664. This means "supported by substantial evidence, such 'as a reasonable mind might accept as adequate to support a conclusion.'" *Jordan Marsh Co.* v. *Labor Relations Commission*, 316 Mass. 748, 756. *Maniscalco* v. *Director of the Division of Employment Security*, 327 Mass. 211, 214 (footnote). See *Goddu's Case*, 323 Mass. 397, 401; *Woloshchuck's Case*, 325 Mass. 10, 12; *Lapinsky's Case*, 325 Mass. 13, 17.

If the pertinent evidence is exclusively hearsay, this does not constitute "substantial evidence" even before an administrative tribunal. *Moran* v. *School Committee of Littleton*, 317 Mass. 591, 596–597, and cases cited. *National Labor Relations Board* v. *Service Wood Heel Co. Inc.* 124 Fed. (2d) 470, 472. *Cantrell* v. *Board of Supervisors of Los Angeles County*, 87 Cal. App. (2d) 471, 475. *Geegan* v. *Unemployment Compensation Commission of Delaware*, 45 Del. 513. *New York State Labor Relations Board* v. *Frank G. Shattuck Co.* 260 App. Div. (N. Y.) 315, 322. *New York State Labor Relations Board* v. *Select Operating Corp.* 183 Misc. (N. Y.) 480, 483–484. *Phillips* v. *Unemployment Compensation Board of Review*, 152 Pa. Super. Ct. 75, 82–83. *Building Service Employees Local No. 59* v. *Newhouse Realty Co.* 97 Utah, 562, 590–591.

It cannot be argued that corroborative evidence is to be found in the testimony of the petitioner. In the testimony of Mason before the review examiner the following appears: Q. "Did he admit — Mr. Gross [the authorized representative of the director referred to above] says that he admitted that he didn't ring up all sales?" A. "Yes, that's right. He did admit that he may not have rung up all the sales." Q. "On that particular day [September 24, 1950] or other days?" A. "Well, there [is] a little hesitation there, a little question on that." The testimony of the petitioner was: Q. "[D]id you state before Mr. Gross that it's possible that on this particular Sunday afternoon, at the time Mr. Moore was there, that you had not rung up this sale?" A. "No, I didn't say that." Q. "Did you say you may have failed to do so on that particular day?" A. "On that particular day, no."

The decision of the review examiner stated: "The claimant contends that he at no time failed to record sales on the register for the purpose of misappropriating the money but admits that on occasion sales were not recorded because of various reasons: (1) when the tape had run out and another had not as yet been put into the register; (2) when the counter was too busy to record sales immediately; and (3)

when the register was being read." It would not be profitable to detail the testimony upon these matters, as the decision was not rested upon them, but contained the following: "To conclude, the explanations of the claimant are plausible. It does not seem probable . . . however, that three individuals could have erred in their observations." We fail to find any testimony of the petitioner, or of anyone, for that matter, in corroboration of the hearsay testimony. The decision is based wholly on hearsay and cannot stand.

The decision of the District Court is reversed and the case is remanded to the board of review for further proceedings in conformity with this opinion.

*So ordered.*