OLDE TOWNE LIQUOR STORE, INC. *vs.* ALCOHOLIC BEVERAGES
CONTROL COMMISSION & another.[1]

Middlesex.    December 10, 1976. — March 14, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & LIACOS, JJ.

*State Administrative Procedure Act.    Quasi Judicial Tribunal.    Evidence,* Before quasi judicial tribunal. *Practice, Civil,* Summary judgment.    *Alcoholic Beverages Control Commission.*

The decision of the Alcoholic Beverages Control Commission suspending the license of a retail liquor store for forty-five days as a penalty for a second offense of selling liquor to a minor was supported by substantial evidence. [153-155]

The Alcoholic Beverages Control Commission was not required to state its reasons in affirming a local licensing authority's decision to suspend the license of a retail liquor store where the local authority's decision set forth a statement of reasons with sufficient particularity to permit meaningful judicial review. [155-156]

CIVIL ACTION commenced in the Superior Court on April 22, 1975.

The case was heard by *Good,* J., on a motion for summary judgment.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Evan T. Lawson* for Olde Towne Liquor Store, Inc.

*Michael Eby,* Special Assistant Attorney General, for the Alcoholic Beverages Control Commission.

*David Berman,* Town Counsel, for the town of Burlington.

LIACOS, J.    Olde Towne Liquor Store, Inc. (Olde Towne), is licensed under G. L. c. 138, § 15, to sell alcoholic beverages at retail for consumption off the premises.

---

[1] The board of selectmen of the town of Burlington.

The board of selectmen of the town of Burlington (selectmen) suspended Olde Towne's license for forty-five days as penalty for a second offense of selling liquor to a minor. The Alcoholic Beverages Control Commission (commission) affirmed the suspension, and Olde Towne brought a civil action for review in the Superior Court. Following the entry of summary judgment against Olde Towne, a single justice of the Appeals Court issued a preliminary injunction staying enforcement of the suspension pending appeal. We transferred the case here on our own motion. We affirm.

1. We hold that the selectmen's motion for summary judgment was properly granted. Judicial review of a decision of the commission is "confined to the record, except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken in the court." G. L. c. 30A, § 14 (5), as appearing in St. 1973, c. 1114, § 3. The judge may set aside the agency's decision only if it is "[u]nsupported by substantial evidence." G. L. c. 30A, § 14 (7) (*e*), as appearing in St. 1973, c. 1114, § 3.[2] On the record, we have no difficulty finding substantial evidentiary support for the suspension of Olde Towne's license. Daniel Cronin, an Olde Towne clerk, admitted having sold beer to an individual on May 6, 1974. Two Burlington police officers testified that they observed this individual leaving the store carrying a bag which proved to contain two six-packs of beer. The purchaser's birth certificate, admitted in evidence, showed him to have been under eighteen years of age on the date of the sale. Although Cronin stated that the purchaser appeared eighteen, one policeman testified that, on the basis of facial characteristics, he looked under age. According to both officers, the minor admitted having used his

[2] General Laws c. 30A, § 14 (7), sets out additional grounds for setting aside the final decision of an agency. While we hold that the motion for summary judgment was properly granted, we also note that, in light of the nature of judicial review generally applicable, motions for summary judgment are largely superfluous in a proceeding of this kind.

older brother's draft card as proof of age; Cronin said a liquor purchase identification card had been presented. A draft card belonging to the older brother was discovered in the purchaser's vehicle. In all, we cannot say that the facts adduced before the commission would not support a finding that Olde Towne sold liquor to a minor with at least some degree of lack of care. The commission has had the additional benefit of observing the witnesses before judging their credibility. It is not for this court to substitute its judgment on questions of fact for that of the agency. *Duato* v. *Commissioner of Pub. Welfare,* 359 Mass. 635, 641 (1971).

Although the minor purchaser did not himself appear at the hearing, the summary of proceedings before the commission clearly indicates that the decision did not rest solely on hearsay evidence. Thus, we need not consider the plaintiff's claim that the commission improperly based its decision exclusively on hearsay evidence in contravention of the principles stated in *Sinclair* v. *Director of the Div. of Employment Security,* 331 Mass. 101 (1954). Nor need we consider whether the plaintiff's construction of *Sinclair* is apt or, if so, whether the rule stated therein that, "[i]f the pertinent evidence is exclusively hearsay, this does not constitute 'substantial evidence' even before an administrative tribunal" (at 103) and that a decision of an administrative tribunal which "is based wholly on hearsay ... cannot stand" (at 104) is applicable. See *Maddocks* v. *Contributory Retirement Appeal Bd.,* 369 Mass. 488, 496-497 (1976), and G. L. c. 30A, inserted by St. 1954, c. 681, § 1, made effective on July 1, 1955, by § 22 thereof.

Moreover, the plaintiff's allegation that the license suspension was an unduly harsh and discriminatory penalty did not, of itself, make summary judgment inappropriate. The commission's statutory authority to order a forty-five day suspension for a second offense[3] is not open to doubt — indeed, Olde Towne's license could have been revoked or cancelled. G. L. c. 138, § 64. The commission's decision to reject the plaintiff's plea for a more lenient sentence

---

[3] The prior sale to a minor resulted in a thirty-day suspension.

372 Mass. 152                                                   155

Olde Towne Liquor Store, Inc. *v.* Alcoholic Beverages Control Comm'n.

than that imposed by the selectmen was within its proper discretion. *Wright* v. *Health Comm'r of Boston,* 322 Mass. 535, 540 (1948). If the plaintiff believed that there was a genuine issue of material fact regarding the constitutionality of sanctions, the burden was on it to present specific evidence in opposition to the selectmen's motion for summary judgment. "[A]n adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Mass. R. Civ. P. 56 (e), 365 Mass. 824 (1974). On the record as it reaches us, there is no suggestion that the forty-five day suspension violates the principle of equal protection.

2. The plaintiff argues that the commission impermissibly failed to state reasons for its decision as required by G. L. c. 30A, § 11 (8), inserted by St. 1954, c. 681, § 1. That section requires that an agency's decision "be accompanied by a statement of reasons . . . including determination of each issue of fact or law necessary to the decision, unless the General Laws provide that the agency need not prepare such statement in the absence of a timely request to do so." The statute governing appeals from the local liquor licensing authority, G. L. c. 138, § 67, as appearing in St. 1953, c. 672, provides that "[i]f the commission approves the action of the local licensing authorities it shall issue notice to them to that effect, but if the commission disapproves of their action it shall issue a decision in writing advising said local authorities of the reasons why it does not approve." The plaintiff contends that this provision does not, by its terms, fit within the exception provided in G. L. c. 30A, § 11 (8), and that the licensing statute must give way to the broad remedial purposes of the later enacted State Administrative Procedure Act. *Doherty* v. *Commissioner of Administration,* 349 Mass. 687, 690 (1965). In response, the defendants note that there have been several amendments to other clauses of § 67 since the act was adopted, and contend that the spe-

cific application of § 67 should therefore prevail over the more general requirements of c. 30A. *Clancy* v. *Wallace,* 288 Mass. 557 (1934).

While each of these approaches has been used on occasion to resolve statutory conflicts, we find in this case that the key to harmonizing G. L. c. 138, § 67, and G. L. c. 30A, § 11 (8), is provided by G. L. c. 138, § 23. The fourth paragraph of § 23, as amended by St. 1971, c. 260, § 2, states, in relevant part, that "[w]henever the local licensing authorities ... suspend, revoke or cancel a license ..., the licensing authorities shall mail a notice of such action to the ... licensee, *stating the reasons* for such action" (emphasis supplied). We think the plain and natural intention of G. L. c. 138, §§ 23 and 67, read in conjunction, was to permit the commission to indicate its approval of an action of the local licensing authority by affirming that decision without needlessly restating the underlying grounds. Such an affirmance will, of course, be taken as embodying the findings and conclusions of the local authority. Cf. *City Manager of Medford* v. *State Labor Relations Comm'n,* 353 Mass. 519, 527 (1968). If the commission disapproves of the local action or declines to adopt the given rationale, a written statement of reasons or findings is appropriate. Cf. G. L. c. 138, § 67.[4]

3. Any error by the commission in failing to issue a tentative decision under G. L. c. 30A, § 11 (7), was cured by the Superior Court's remand to the commission. It is clear from the record that each of the Commissioners who participated in the final decision has either heard or read the evidence.

4. Because we find sufficient evidentiary support for a finding that the sale was not made with due care in the exercise of good faith, we need not now determine whether

---

[4] Clearly, neither the commission nor the courts may rely on a local licensing authority decision in which the statement of reasons is not set forth with sufficient particularity to permit meaningful judicial review. See *School Comm. of Chicopee* v. *Massachusetts Comm'n Against Discrimination,* 361 Mass. 352, 355 (1972); *New York Cent. R.R.* v. *Department of Pub. Utils.,* 347 Mass. 586, 593 (1964).

a licensee can be held vicariously liable under G. L. c. 138, §§ 23, 64, despite its own good faith and that of its clerks. Nor need we consider the effect of a bona fide reliance on a liquor purchase identification card, G. L. c. 138, § 34B, as proof of age. Since these matters are not properly before us, we intimate no opinion on their resolution.

5. We agree with all the parties that the issuance of a preliminary injunction pending appeal has rendered moot the questions of appellate procedure which might otherwise have arisen. The appeal from the initial refusal of the single justice of the Appeals Court to grant an injunction is therefore dismissed, and the judgment of the Superior Court is hereby affirmed.

*So ordered.*