Burlington Package Liquors, Inc. *v.* Alcoholic Beverages Control Commission.

————

BURLINGTON PACKAGE LIQUORS, INC. *vs.* ALCOHOLIC
BEVERAGES CONTROL COMMISSION & another.[1]

Middlesex.    February 15, 1979. — March 13, 1979.

Present: BROWN, GREANEY, & KASS, JJ.

*Alcoholic Beverages Control Commission. Alcoholic Liquors,* Sale to
minor. *State Administrative Procedure Act. Evidence,* Administrative proceeding.

A decision of the Alcoholic Beverages Control Commission upholding
an order of suspension of a retail liquor store's license for selling
alcoholic beverages to a minor was warranted by evidence that the
store's clerk sold a bottle of wine to a minor without asking her for
any identification even though the store's owner claimed that the
minor had been a customer before and had shown him a Massachusetts driver's license describing her as over eighteen. [188-189]

———————————————————————————————

[1] The board of selectmen of the town of Burlington.

The Alcoholic Beverages Control Commission, in upholding an order of a local licensing authority suspending the license of a retail liquor store, was not required to restate as its reason therefor the grounds on which the local authority had acted. [189]

There was no merit to a retail liquor store's contention that a local licensing authority's decision to suspend the store's license for selling alcoholic beverages to a minor was based exclusively on hearsay evidence where there was direct evidence from a police officer who saw the minor walk into the store empty handed and emerge with a bottle and documentary evidence in the form of the minor's birth certificate. [189-190]

CIVIL ACTION commenced in the Superior Court on April 17, 1975.

A motion for summary judgment was heard by *Beaudreau*, J.

*Evan T. Lawson* for the plaintiff.

*David Berman*, Town Counsel, for the Board of Selectmen of Burlington.

*Paul W. Johnson*, Assistant Attorney General, for the Alcoholic Beverages Control Commission.

KASS, J. Burlington Package Liquors, Inc., doing business as The Liquor Cabinet (The Liquor Cabinet), received a ten-day suspension of its package store license[2] for selling alcoholic beverages to a minor.[3] In its defense, The Liquor Cabinet argues that the illicit transaction occurred despite the exercise by it of good faith and due care to prevent sales to minors.

On the authority of *Olde Towne Liquor Store, Inc.* v. *Alcoholic Beverages Control Commn.*, 372 Mass. 152 (1977), we affirm the action of the Superior Court judge, who entered a summary judgment sustaining a decision of the Alcoholic Beverages Control Commission. The commission, in turn, had upheld an order of suspension of The Liquor Cabinet's license by the board of selectmen of Burlington, acting as the local licensing authority.[4]

---

[2] The license is controlled by G. L. c. 138, § 15; the suspension was pursuant to G. L. c. 138, § 64.

[3] G. L. c. 138, § 34.

[4] G. L. c. 138, § 1.

*Olde Towne* involved a sale of beer to a minor, who, in order to identify himself as of drinking age, flashed his older brother's draft card at a store clerk. The court concluded that a review of the record on appeal did not enable it to disagree with the commission that the liquor store was chargeable with "at least some degree of lack of care."

Since The Liquor Cabinet claims it exercised sufficient care in checking the age of the minor to put it beyond the net thrown by *Olde Towne*, we must compare the facts of the instant case. The complaint against The Liquor Cabinet arose out of observation of the offending sale by a Burlington police detective, Detective Chicarello. The officer watched the minor go into the store on April 16, 1974, and come out with a bottle of wine. He interrogated the minor then and there. She first lied about her age, then confessed she was seventeen when the officer radioed the police station.

Detective Chicarello thereupon brought the minor into The Liquor Cabinet, a clerk of which, one Sullivan, admitted making the sale. Sullivan said he had not asked the minor for identification because she was a regular customer. The owner of the store, Joseph Margi, said the minor had been a customer before and had shown him a Massachusetts driver's license. The Burlington police checked with the Registry of Motor Vehicles, found that a driver's license had been issued to the minor, and that this license showed her correct birth date, i.e. would have identified her as less than eighteen years old. As further verification of the minor's age, the Burlington police obtained a copy of a birth certificate from the Bureau of Vital Statistics of Washington, D.C., the minor's birthplace. This showed her to be under eighteen when she made her purchase on April 16, 1974.

1. On these facts, we think the licensee here, The Liquor Cabinet, exercised less care in ascertaining its cus-

tomer's age than did the licensee in *Olde Towne.* In *Olde Towne*, the licensee was deceived by a false identification card. In the instant case, the minor was not asked for, and did not present, an identification card. The selectmen could be forgiven for not believing Mr. Margi's explanation that the minor had, on a previous occasion, shown him a driver's license describing her as over eighteen, especially since the driver's license issued to her showed she was under eighteen. *Duato* v. *Commissioner of Pub. Welfare*, 359 Mass. 635, 641 (1971). See *Glazier* v. *Andrews*, 349 Mass. 417, 419 (1965); *Fioravanti* v. *State Racing Commission*, 6 Mass. App. Ct. 299, 304 (1978).

2. The challenge of The Liquor Cabinet to the adequacy of the reasons[5] stated for the administrative action, i.e. the suspension of The Liquor Cabinet's license by the selectmen and the affirmance of this action by the commission, is also controlled by *Olde Towne*, 372 Mass. at 155-156, which held that the commission, when it affirmed a local decision, did not have to restate the grounds on which the local licensing authority had acted. The selectmen had specified their reason: sale of alcoholic beverages to a minor.

3. There is no merit to The Liquor Cabinet's contention, made in reliance on *Sinclair* v. *Director of the Div. of Employment Security*, 331 Mass. 101, 103 (1954), that the selectmen's and the commission's decisions are flawed because the evidence furnished to the selectmen was exclusively hearsay evidence. The *Sinclair* decision was written before the effective date of the State Administrative Procedure Act[6] which provides that "agencies need not observe the rules of evidence observed by courts . . . . Evidence may be admitted . . . if it is the kind of evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs." G. L. c. 30A, § 11(2).

---

[5] G. L. c. 30A, § 11(8).

[6] G. L. c. 30A, inserted by St. 1954, c. 681, effective July 1, 1955.

As in *Olde Towne,* however, we need not decide if under G. L. c. 30A hearsay evidence alone will constitute substantial evidence. In the instant case there was direct evidence from Detective Chicarello, who saw the minor walk into the store empty handed and out of the store with a bottle in her arms. There was also documentary evidence in the form of the birth certificate.

The parties have briefed and argued the case as if it were clear that a doctrine of strict liability does not apply to the sale of alcohol to minors. We do not read *Olde Towne* as articulating such a rule. Indeed, the court expressly reserved decision on the effect of bona fide reliance on identification credentials. 372 Mass. at 157. The historic approach has been that a vendor who sold alcohol "was bound at his own peril to keep within the condition of his license." *Commonwealth* v. *Gould,* 158 Mass. 499, 507 (1893). It is competent for the Legislature to define an offense without any element of scienter. *Commonwealth* v. *Corey,* 351 Mass. 331, 333 (1966).[7]

*Judgment affirmed.*

---

[7] In G. L. c. 138, § 34, the Legislature seems to have done just that, because in the case of a primary sale of alcoholic beverages, e.g., by a store or bar to a customer, the statute imposes penalties on "whoever makes a sale or delivery of any such beverages or alcohol to any person under eighteen years of age." In the case of certain kinds of secondary transfer, e.g., by a customer to some third person, the statute speaks of "any such beverages or alcohol to or for the use of a person whom *he knows or has reason to believe* to be under eighteen years of age. . . ." (emphasis supplied).