NEW ENGLAND LIQUOR SALES CO., INC. *vs.* ALCOHOLIC BEVERAGES CONTROL COMMISSION & another. June 8, 1983. *Alcoholic Liquors*, Distributor, Manufacturer.

The Alcoholic Beverages Control Commission (Commission) upheld the right of General Beverage Company doing business as The Wine Spectrum (Spectrum), an importer and producer of wine, to discontinue sale of its brand name products to the plaintiff, New England Liquor Sales Co., Inc. (New England). New England filed a complaint for judicial

review pursuant to G. L. c. 30A, § 14. Judgment dismissing the complaint was entered under Mass.R.Civ.P. 56, 365 Mass. 824 (1974). New England has appealed.

The Commission made a finding that from the outset of their relationship New England and Spectrum agreed that "all sales would be made pursuant to yearly contracts." The Commission then held that "New England's refusal to sign the contract commencing March 1, 1981, constituted a breach of the terms of sale agreed upon in violation of [G. L. c. 138] Section 25E(e)."

1. New England contends that the Commission's finding that a condition on New England's right to sell Spectrum's products was the execution of an annual distribution agreement is without factual basis in the record and should be set aside. That argument is without merit, as the Commission's finding is supported by substantial evidence. G. L. c. 30A, § 14(7) (*e*). *Old Towne Liquor Store, Inc.* v. *Alcoholic Beverages Control Commn.*, 372 Mass. 152, 153 (1977); *New Boston Garden Corp.* v. *Assessors of Boston*, 383 Mass. 456, 465-466 (1981). Indeed, New England's treasurer and the person responsible for executing its contracts expressly stated before the Commission that "We [New England] felt that we could not sell their [Spectrum's] products without an agreement that was then outstanding but that each agreement that came along had to be agreed." There was also undisputed evidence in the record of the parties' consistent and long standing course of dealings by which they executed annual contracts. Furthermore, the regional manager of Spectrum testified that Spectrum has had a policy which requires its distributors to execute annual contracts.

2. New England also argues that the Commission improperly interpreted and applied G. L. c. 138, § 25E, in holding that Spectrum had a right to terminate New England under the statute and that the Superior Court erroneously upheld the Commission's decision. General Laws c. 138, § 25E (as amended through St. 1977, c. 929, § 11), provided in pertinent part: "It shall be an unfair trade practice and therefore unlawful for any manufacturer, winegrower, importer or wholesaler of any alcoholic beverages, to refuse to sell, except for good cause shown, any item having a brand name to any licensed wholesaler to whom such manufacturer, importer or wholesaler has made regular sales of such brand item during a period of six months preceding any refusal to sell . . . . Good cause as used herein shall be limited to the following conduct . . . (*e*) failure to comply with the terms of sale agreed upon between supplier and wholesaler." We hold that the Commission properly applied G. L. c. 138, § 25E, to the facts found by it. As noted above, the parties had agreed that their relationship would be governed by annual agreements effective for one year. Since New England refused to execute the 1981 distributor agreement at the expiration of the 1980 agreement, New England left unperformed a fundamental condition of sale and provided Spectrum with "good cause" to sever the relationship. See *Union Liquors*

*Co.* v. *Alcoholic Beverages Control Commn.,* 11 Mass. App. Ct. 936, 938 (1981).

*Judgment affirmed.*

*Robert S. Frank, Jr.,* for the plaintiff.

*Gerald J. Caruso,* Assistant Attorney General, for Alcoholic Beverages Control Commission.

*James L. Quarles, III,* for General Beverage Company.