ROBERT A. BECK *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.[1] March 4, 1986. *Employment Security,* Eligibility for benefits, Misconduct by employee.

This appeal challenges the decision of the board of review (board) of the Division of Employment Security denying unemployment benefits to the claimant. The decision was affirmed by a judge of the Attleboro Division of the District Court.[2] The claimant appeals. See G. L. c. 151A, § 42. We affirm.

The facts which are not disputed are as follows. The claimant was an oil burner technician for DeBlois Oil from October, 1982, until he was fired on Monday, March 19, 1984. The company could place employees "on call" certain nights of the week, and in that case the employee would be on duty for twenty-four hours. The claimant was "on call" on Saturday, March 17, 1984. At approximately 11:30 P.M. that evening the claimant received a service call which required him to drive from his Johnston, Rhode Island, home to Attleboro, Massachusetts, and back. The claimant had friends at his house, and he took them with him on the service call. According to the claimant, the average service call is half an hour. At the customer's house the claimant discovered the problem was electrical. He did not have the proper equipment with him, his gauge was broken, and he could not check what was being pumped into the oil burner. Nevertheless, he worked for two and one-half hours with makeshift equipment before deciding to call a fellow employee who lived two blocks from the customer. The second employee was able to do the repair job promptly.

---

[1] DeBlois Oil Company.

[2] On October 23, 1984, the judge remanded this matter to the board for further subsidiary findings. The board's first decision is not included in the record before us.

On Monday morning the customer called the employer and complained that the claimant had been drinking, had not performed his job very well, and had stumbled up the stairs. The other service man confirmed that he also thought the claimant had been drinking. The claimant's explanation was that he was panicky because his friends were waiting for him in the truck, and because the customer was standing over him and complaining. The claimant said he had two beers.[3]

Prior to his employment, the employer gave the claimant a handbook to read. The claimant had signed a paper indicating that he had read the handbook, understood its contents and agreed to abide by the rules and regulations set forth in the handbook. The handbook, in pertinent part, states that "[t]here are . . . some areas which will result in *immediate termination*. They are: (1) Possession or use of alcoholic beverages or drugs, and/or being under the influence of them while working. . . ." (Emphasis in original.) The supervisor said that the claimant was a good employee and did his work well, but that violation of the company rules and regulations on drinking is cause for immediate termination.

The board found that the claimant was discharged for violating company rules by operating a company vehicle after drinking alcoholic beverages. The board found that "operating the company vehicle after indulging in alcoholic beverages . . . was an intentional disregard of standards of behavior which the employer had a right to expect from the claimant."

The purpose of G. L. c. 151A, § 25(*e*)(2), is "to deny benefits to a claimant who has brought about his own unemployment through intentional disregard of standards of behavior which his employer has a right to expect." *Garfield* v. *Director of the Div. of Employment Sec.*, 377 Mass. 94, 97 (1979). The employer's expectations of the employee were clear and reasonable, and the claimant had notice of them. See *Cantres* v. *Director of the Div. of Employment Sec.*, ante 226, 231 (1985). The claimant's decision to drink beer on a night he was "on call" and to drive a company truck to a call after drinking beer could be found to be "intentional disregard of standards of behavior which the employer ha[d] a right to expect." *Garfield, supra.*

The claimant argues that, "[i]f the pertinent evidence is exclusively hearsay, this does not constitute 'substantial evidence.'" *Sinclair* v. *Director of the Div. of Employment Sec.*, 331 Mass. 101, 103 (1954). However, the claimant admitted consuming beer while on call and then driving a company truck. Further, the claimant worked two and one-half hours before asking another employee with the correct equipment for assistance.

The claimant was free to argue that he was not under the influence but panicky because he did not have the proper equipment and the customer was standing over him. The board could disbelieve that testimony. From

---

[3] There was evidence that the supervisor's memory was that the claimant admitted to drinking three or four beers.

the evidence the board could conclude that the claimant was under the influence of alcohol while on call and that such conduct was "deliberate misconduct" within the meaning of the statute. The judgment of the Attleboro Division of the District Court is affirmed.

*So ordered.*

The case was submitted on briefs.

*Arthur A. Thovmasian, Jr.,* of Rhode Island, & *Vito L. Sciolto* for the employee.

*Francis X. Bellotti,* Attorney General, & *Alan Leslie Rosenfield,* Assistant Attorney General, for Director of the Division of Employment Security.