Donohue, J.
This matter is before the court on the petition for judicial review pursuant to G.L.c. 30A, § 14 of Scott A. Webster and T. Lorraine Webster (Websters). The Websters seek reversal of the decision of the Department of Social Services (DSS) denying their application to become a child-specific foster home. For the following reasons, the decision of DSS is affirmed.
BACKGROUND
In October 1993, Mr. and Mrs. Webster applied to serve as a child-specific foster placement for Sarah Lebel (Sarah), then age 15. Sarah is in the custody of DSS via a care and protection order filed pursuant to G.L.c. 119, §24. Sarah is a friend of Lorraine Webster’s son, Owen, and in October of 1993, placed herself in the Webster home. DSS approved this arrangement pending a child-specific homestudy and Sarah ultimately remained at the Webster home for 51 days.
Owen lives in the Webster home but is committed to the Department of Youth Services as a result of criminal charges against him. The Websters also have another son and a daughter who at the time of the homestudy were ages nine months and three and one-half respectively.
The homestudy was conducted in November 1993. DSS met with the Websters and collateral contacts and also requested references from persons identified by the Websters. Following the homestudy, DSS denied the application, citing the following reasons: (1) the inability of the Websters to provide Sarah with the necessary time, structure and consistency given her emotional needs; (2) the Websters’ involvement with DYS with regards to Owen and the concern that the family should focus on the structure and supervision Owen required; and (3) several negative references.
By letter dated December 9, 1993, DSS informed the Websters that it was denying their application because of the negative references received and because of concern that the family’s problems with Owen would hinder their ability to provide for Sarah’s emotional needs.
In response to the Websters’ request, DSS sent them a letter dated December 21, 1993 in which it further clarified the reasons for its denial. DSS provided a summary of three of the references it had received regarding the Websters which included the following statements: that the Websters are “not appropriate” for foster parenting; that Lorraine Webster seems “overwhelmed” with her younger children and has “poor parenting skills”; that Owen Webster’s behavior is “extremely disruptive, aggressive and at times threatening”; that Lorraine Webster “lies and covers up" for Owen while also having “difficulty disciplining and controlling” him; and that, in general, the family had a lot of difficulty dealing with various family problems and crises.
The Websters requested an administrative review, or “fair hearing,” of the DSS decision. This hearing was held on February 8, 1994, and on March 10, 1994, the hearing officer issued his written decision upholding DSS’s denial of the Websters’ application to become a child-specific foster home. The hearing officer concurred with DSS’s findings that the Websters were unable to provide adequate care for Sarah due to their already existing family problems and further found *536 that the presence of Owen in the home would prohibit the placement as he may have posed a threat of harm to Sarah given his criminal record. Accordingly, the hearing officer concluded that the Websters had not met their burden of proof of showing that DSS’s decision was in violation of DSS regulations and affirmed the decision. The Websters filed the current appeal pursuant to G.L.c. 30A, §14, on April 5, 1994.
DISCUSSION
The court may reverse, remand or modify an administrative agency’s decision if “the substantial rights of any party may have been prejudiced” because the agency decision is, among other things, based on an error of law, or unsupported by substantial evidence, or an abuse of discretion. G.L.c. 30A, §14(7). “ ‘Substantial evidence’ means such evidence as a reasonable mind might accept as adequate to support a conclusion.” G.L.c. 30A, §1(6); New Boston Garden Corp. v. Board of Assessors of Boston, 383 Mass. 456, 465-66 (1981).
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeal on Motor Vehicle Liability Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989). In reviewing an agency decision, the court is required to “give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionaiy authority conferred upon it” by statute. G.L.c. 30A, §14(7); Flint v. Commissioner of Public Welfare, 412 Mass. 416, 420 (1992); Seagram Distillers Co. v. Alcoholic Beverages Control Commission, 401 Mass. 713, 721 (1988). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School District v. Labor Relations Commission, 386 Mass. 414, 420-21 (1982), citing Olde Towne Liquor Store Inc. v. Alcoholic Beverages Control Commission, 372 Mass. 152, 154 (1977). In addition, a court may not dispute an administrative agency’s choice between two conflicting views, even though the court would justifiably have made a different choice had the matter come before it de novo. Zoning Board of Appeals of Wellesley v. Housing Appeals Commission, 385 Mass. 651, 657 (1982)(cita-tions omitted).
In the present matter, the decision of DSS and its subsequent affirmation by the hearing officer are amply supported by both the law and the facts. Child-specific placements occur where a child is placed in a specific home which is not available for other foster children. 110 Code Mass.Regs. §7.108. In order to be approved as a foster parent, an applicant must have the ability to, among other things, provide the foster child with a safe, nurturing and stable family environment, promote the physical, mental and emotional well-being of the child and be able to manage the stressful situations which are often associated with the placement of a foster child. 110 Code Mass.Regs. §7.104. In addition, a “foster home may not have any household member who would, in the judgment of [DSS], pose a threat of abuse or neglect to foster children placed in the home, or who would impede or prevent the provision of adequate foster care in the foster home.” 110 Code Mass.Regs. §7.105(12).
In assessing whether the applicants) meet these criteria, DSS is to conduct a homestudy and a comprehensive evaluation which includes interviews with the applicant(s) and other household members, a visit to the home, contact with personal references provided by the applicant and a specific assessment of the applicant’s ability to meet the special néeds of any child to be placed in the home. 110 Code Mass. Regs. §7.107(2).
If the home is not approved for a child-specific placement, the applicants may file for an appeal of the decision with the Fair Hearing Office of the DSS. 110 Code Mass.Regs. §10.06(4). In order to prevail at such a hearing, the applicants “must show by a preponderance of the evidence” that DSS’s decision and/or procedural actions were not in conformity with DSS’s policies and/or regulations and resulted in substantial prejudice to the applicant, or where there is no applicable policy, procedure or regulation, that DSS acted without a reasonable basis or in an unreasonable manner'which resulted in substantial prejudice to the applicant. 110 Code Mass.Regs. §10.23.
It is clear that DSS followed all applicable regulations and policies in reaching its decision regarding the Websters’ application. Although DSS was mistaken in allowing Sarah to remain in the Webster home while the homestudy was conducted, G.L.c. 28A, §10A, DSS subsequently followed all applicable procedures in ruling on the Websters’ application to become a child-specific foster home, A full homestudy was conducted in accordance with the applicable regulations and the Websters were properly afforded all their rights of appeal, including the present request for judicial review, following the denial of their application.
Further, there is an abundance of evidence in support of DSS’s findings that, despite their best intentions, the Websters would be unable to adequately care for Sarah. At least three of the references provided to DSS noted that the Websters were lacking in parenting skills and had difficulty caring for their own children. In addition, the Websters’ extensive difficulties with their son Owen are well documented in the administrative record and DSS did not act unreasonably in concluding that his presence in the Webster home would likely impede the ability of the Websters to meet Sarah’s specific needs. Accordingly, DSS’s decision is affirmed.
ORDER
For the foregoing reasons, it is hereby ORDERED that the decision of the Department of Social Services denying the application of Scott A. Webster and T. Lorraine Webster to become a child-specific foster placement is AFFIRMED.