Donohue, J.
This matter is before the court on Richard K. Broszeit’s (Broszeit) petition for judicial review pursuant to G.L.c. 30A, §14. Broszeit seeks reversal of a decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds (Board), upholding the imposition of a surcharge upon him by his insurer, USAA Insurance Company (USAA). For the following reasons, the decision of the Board is affirmed.
BACKGROUND
At approximately 4:45 p.m. on June 15, 1990, Broszeit was involved in an automobile accident while travelling eastbound on the Massachusetts Turnpike in Auburn, Massachusetts. Broszeit stated that there was heavy rush hour traffic at the time of the accident and that Public Works vehicles were retrieving traffic cones along the roadside. Broszeit was driving a Chevrolet Chevette and was travelling behind an Isuzu Trooper (Trooper) when the Trooper came to an abrupt halt. Broszeit was unable to come to a controlled stop and collided with the rear end of the Trooper. Broszeit testified that there was no way he could have anticipated this sudden stop and avoided the collision.
Following the accident, Broszeit’s insurer, USAA Insurance Company determined that Broszeit was more than 50% at fault and notified him that it was imposing a merit rating surcharge upon him pursuant to G.L.c. 175, §113P and 211 Code Mass.Regs. §74.08(3). Broszeit appealed this surcharge to the Board, which issued an opinion dated April 17, 1992, in which it upheld the surcharge.
DISCUSSION
The court may reverse, remand or modify an administrative agency’s decision if “the substantial rights of any party may have been prejudiced” because the agency decision is, among other things, based on an error of law, or unsupported by substantial evidence, or an abuse of discretion. G.L.c 30A, §14(7). “’Substantial evidence’ *559 means such evidence as a reasonable mind might accept as adequate to support a conclusion.” G.L.c. 30A, §1(6); New Boston Garden Corp. v. Board of Assessors of Boston, 383 Mass. 456, 465-66 (1981).
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeal on Motor Vehicle Liability Policies andBonds, 27 Mass.App.Ct. 470, 474 (1989). In reviewing an agency decision, the court is required to “give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it” by statute. G.L.c. 30A, §14(7); Flint v. Commissioner of Public Welfare, 412 Mass. 416, 420 (1992); Seagram Distillers Co. v. Alcoholic Beverages Control Commission, 401 Mass. 713, 721 (1988). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School District v. Labor Relations Commission, 386 Mass. 414, 420-21 (1982), citing Olde Towne Liquor Store, Inc. v. Alcoholic Beverages Control Commission, 372 Mass. 152, 154 (1977). In addition, a court may not dispute an administrative agency’s choice between two conflicting views, even though the court would justifiably have made a different choice had the matter come before it de novo. Zoning Board of Appeals ofWellesley v. Housing Appeals Commission, 385 Mass. 651, 657 (1982) (citations omitted).
G.L.c. 175, §113P provides aggrieved parties with a means of challenging their motor vehicle insurer’s decisions regarding the application of the safe driver insurance plan, including the imposition of surcharges. “If... the [Board] finds that the application of the safe driver insurance plan was in accordance with the standards promulgated by the [BJoard and the provisions of the safe driver insurance plan established by the Commissioner, it shall deny the appeal.” G.L.c. 175, §113P.
The standards of fault used by insurers in determining surcharges, and by the Board in reviewing them, are set out in 211 Code Mass.Regs. §74.00 et seq. The regulations establish a number of situations in which a driver’s fault for an accident is presumed to be greater than 50%. 211 Code Mass.Regs. §74.04. These presumptions are considered determinative as to a driver’s fault unless evidence showing otherwise is introduced at an initial review or Board hearing. 211 Code Mass.Regs. §74.03; see DiLoreto v. Fireman’s Fund Insurance Co., 383 Mass. 243, 248 (1981).
In the present action, USAA concluded that Broszeit had acted in violation of 211 Code Mass.Regs. §74.04(3):
Rearend Collision; An operator of a vehicle . . . which is in collision with the rear of another vehicle shall be presumed to be at fault in excess of 50%.
In determining that Broszeit had failed to demonstrate a showing contrary to this presumption, the Board considered not only the Standards of Fault under the Safe Drivers Insurance Plan, but also the Rules and Regulations for Driving on State Highways. These regulations state that a driver “shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and traffic upon and condition of the highway.” 720 Code Mass.Regs. §9.06(7). In addition, a driver is responsible for making sure that he can come to a stop safely. 720 Code Mass.Regs. §9.06(9). The Board properly held that Broszeit bore the burden of ensuring that, given the road conditions and the speed at which Broszeit was travel-ling, there was sufficient distance between his car and the car he was following so that he might safely come to a stop. Broszeit admitted that traffic was heavy and he was aware of the Public Works crew collecting traffic cones along the side of the road. He also acknowledged that, for various reasons, he was unable to see beyond the car that was immediately in front of him. Based upon this evidence, the Board was justified in upholding the surcharge as Broszeit, if he were exercising due caution and had left sufficient distance between his car and the car in front of him, would have been able to bring his car safely to a stop. Accordingly, Broszeit failed to rebut the presumption that he was more than 50% at fault and the Board properly upheld USAA’s decision to impose a surcharge.
ORDER
For the foregoing reasons, it is hereby ORDERED that the decision of the Board of Appeal of Motor Vehicle Liability Policies and Bonds affirming the imposition of a surcharge upon Richard K. Broszeit by his insurer, USAA Insurance Company, is AFFIRMED.