Lopez, J.
This matter is on remand from the Appeals Court for this court to set forth its reasoning in support of its order of December 2, 1994, in the above-captioned case.
PROCEDURAL BACKGROUND
Plaintiff, Faith Morse (Morse) filed claims for worker’s compensation pursuant to G.L.c. 152 on January 30, 1991, March 23, 1991, and December 18, 1991, all arising out of the same accident. On August 5, 1993, a conference was held before a Commissioner of the defendant Department of Industrial Accidents (DIA), pursuant to G.L.c. 152, §10A. On August 6, 1993, the Commissioner issued an order denying Morse’s claims for compensation.
A claimant has fourteen days to appeal a decision by an administrative judge. G.L.c. 152, §10A(3). A party who by mistake, accident or other reasonable cause, fails to file a timely appeal however, may within one year file a petition with the Commissioner for a hearing, which may be permitted if “justice and equity require it . . .” G.L.c. 152, §10A(3).
*351 Morse claims that on August 13, 1993, she, by her attorney, filed a timely appeal to the Commissioner’s decision. She did not submit any fee with the appeal. Morse’s appeal was apparently not recorded as received by the Commissioner. Upon learning that her appeal was not received, Morse filed a petition for the “late filing of appeal" on October 26,1994. On January 27, 1994, the Commissioner denied Morse’s petition to file the late appeal, finding that there was no proof that Morse had attempted to file an appeal in a timely manner. Morse appealed the Commissioner’s decision to the Superior Court pursuant to G.L.c. 30A.
On November 14, 1994, a hearing was held in the Superior Court (Lopez, J.) on the matter. On December 2, 1994, an order was issued finding that Morse’s appeal was timely filed, and the Commissioner abused his discretion in not allowing the late filing of the appeal. The court ordered that a hearing be set before an Administrative Law judge. Defendant appealed, and the Appeals Court remanded the case to the Superior Court for the court to state its reasons for considering evidence outside of the administrative record, and the evidence it relied upon in support of its December 2, 1994 order.
FINDINGS
Under G.L.c. 30A, §14(5) judicial review of an administrative proceeding is confined to the administrative record. In the case of alleged irregularities in procedure, not shown in the record, additional testimony may be taken by the court. G.L.c. 30A, §14(5); Olde Town Liquor Store, Inc. v. Alcoholic Beverages Control Commission, 372 Mass. 152, 153 (1977). An appeal allegedly filed by a plaintiff that does not appear in the Commissioner’s records, resulting in the expiration of the limitations period, is an illustration of an irregularity in procedure.
At the hearing in November of 1994, the parties presented additional testimony on the issue of whether Morse’s appeal was timely filed in accordance with G.L.c. 152, §10A. This court found that an appeal was in fact filed by plaintiff on August 13, 1993. Plaintiffs counsel, Robert J. Bonsignnore, by representation to this court and by affidavit, attested to the filing of Morse’s appeal. In addition, a copy of the appeal, dated August 13, 1993, was presented to the court.
Pursuant to G.L.c. 152, § 11A, if the plaintiffs claim involves a dispute over a medical issue, as it does in the instant case, the filing of an appeal under §10A must be accompanied by a fee to offset the cost of an impartial medical examiner. It was plaintiffs contention that the appeal was never recorded because she did not enclose a fee with the appeal, and DIA had no procedure for recording appeals without the accompanying fee.
It is also recognized by this court that at the time the appeal was filed, August 13, 1993, the validity of the fee provision of section 11A was in flux. See Murphy v. Commissioner of the Department of Industrial Accidents, 415 Mass. 218 (1993) (finding fee provisions which differentiated between complainants with and without counsel were not rationally related to legitimate legislative purposes). It is therefore understandable that plaintiff did not enclose a fee upon the filing of the appeal.
For the above-mentioned reasons, this court found that the Commissioner’s order denying Morse’s petition to file a late appeal was an abuse of discretion under G.L.c. 30A, §14(7)(g). Given that the appeal was timely filed, and the law governing the accompanying fee was unclear, “equity and justice” required that plaintiffs petition to file the late appeal should have been allowed.