Velis, J.
Plaintiff, Wallace Steele (“Steele”), brings this action under G.L.c. 30A, §14 seeking judicial review of a final decision of the Contributory Retirement Appeal Board (“CRAB”). Steele alleges that CRAB wrongfully denied his application for accidental disability retirement. CRAB opposes Steele’s motion and has filed a cross motion for judgment on the pleadings. For the reasons stated below, CRAB’s decision is AFFIRMED.
BACKGROUND
Steele was employed as a highway superintendent by the Northbridge Highway Department from January 31, 1977. On February 5, 1995, Steele injured his lower back as he was stepping down from a front-end loader while at work. Steele received workers’ compensation benefits for this injury. On September 11,1996, Steele applied for accidental disability retirement based on his back injury. At the time of his application, Steele was sixfy-eight years, six months, and eleven days old.
On September 25, 1996, the Northbridge Retirement Board denied Steele’s application. The denial was based on the determination that G.L.c. 32, §7(1) prohibits against filing within two years of reaching age seventy, based upon an injury suffered more than three years prior to reaching age seventy. Steele appealed to the Division of Administrative Law Appeals. On September 19, 1997, Administrative Magistrate Maria A. Imparto affirmed the Northbridge Retirement Board’s earlier decision.
Steele subsequently filed objections to these findings with CRAB. On June 29, 1998, CRAB affirmed the denial of Steele’s application for accidental disability retirement. The appeal presently before the Court followed.
DISCUSSION
G.L.c. 30A, §14 grants any person who is aggrieved by a decision of any agency in an adjudicatory proceeding the right to appeal that decision to the Superior Court. However, the standard of review in such cases is very narrow. The court may reverse or modify the agency decision only “if it determines that the substantial rights of any party may have been prejudiced because the agency decision is unsupported by substantial evidence; or arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law.” G.L.c. 30A, §14(7). When reviewing an agency’s decision, “the court shall give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.” Id. The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional-Vocational Sch. Dist. v. Labor Relations Committee, 386 Mass. 414, 420-21 (1982), citing Olde Towne Liquor Store, Inc. v. Alcoholic Beverage Control Comm’n, 372 Mass. 152, 154 (1977).
The appealing party (Steele) has the burden of showing that his substantial rights have been prejudiced by the agency’s error. G.L.c. 30A, §14(7); Catlin v. Board of Registration of Architects, 414 Mass. 1, 6 (1992). In the present case, Steele argues that CRAB’s decision to deny his application for accidental disability retirement was an error of law. Steele requests that this court vacate CRAB’s decision and remand the matter to the Northbridge Retirement Board for further proceedings. Steele contends that the decision to deny his application is without merit because G.L.c. 32, §7(1) is invalid on three bases. The Court will take each in turn.
G.L.c. 32, §7(1) prescribes the conditions for allowance of accidental disability retirement benefits. Steele asserts that G.L.c. 32, §7(1) is violative of, and therefore preempted by, the federal Age Discrimination in Employment Act. Specifically, Steele argues that, because G.L.c. 32, §7(1) requires retirement decisions to be based on age, it is facially discriminatory. The problem with Steele’s argument is that he is asking this Court to find this section of the General Laws to be invalid. Although the Superior Court has the power to do so, Steele makes this request in the context of a G.L.c. 30A, §14(7) appeal. This avenue of redress affords the Court a very limited scope of review and where the administrative agency’s statutory interpretation is reasonable, the court should defer to that conclusion of law. Massachusetts Medical Society v. Comm’r of Insurance, 402 Mass. 44, 62 (1988) (“Where the [agency’s] findings are supported by substantial evidence, the court should not supplant [its] judgment”). CRAB has found that G.L.c. 32, §7(1) does not violate the Age Discrimination in Employment Act and the action now before this Court does not demand a different finding.
*71 Steele also asserts that G.L.c. 32, §7(1) is invalid because is violates the Massachusetts and federal constitutions, cases involving claims of age discrimination require only rational basis review. Massachusetts Bd. Of Retirement v. Murgia, 427 U.S. 313, 314 (1976). The rational basis for the age-based analysis for provision of accidental disability retirement is to prevent fraudulent applications and “the use of old injuries improperly to obtain extra benefits under §7(1).” Fedorchuk v. Contributory Retirement Appeal Board, 26 Mass.App.Ct. 916, 917 (1988). Steele’s constitutional attack on CRAB’S decision are unfounded. CRAB’S decision, as it incorporates the magistrate’s findings and conclusions, was supported by substantial evidence and Steele has failed to meet his burden of demonstrating the decision’s invalidity.
ORDER
For the foregoing reasons, it is hereby ORDERED that the June 29, 1998 decision of the Contributory Retirement Appeal Board is AFFIRMED.