Connon, Richard F., J.
This matter is now before the court on cross motions for judgment on the pleadings. This is an appeal pursuant to Mass. General Laws c.30A, §14 of a decision of the Department of Environmental Protection (DEP) denying an order of conditions to the plaintiffs’ proposed construction of a single-family home and septic system under the Wetlands Protection Act, Chapter 131, §40 on a parcel of land in Truro, Massachusetts.
The primary complaints of the plaintiff are that the basis of DEP’s decision constituted error of law, was subject to an unlawful procedure, and was arbitrary and capricious. The DEP determined that the land in question was a “coastal dune,” which in effect precludes the plaintiffs from constructing a single-family home with a septic system. The plaintiffs are claiming that they previously stated that the land was a coastal bank which would entitle the plaintiffs to construct a single-family home with an order of conditions.
On July 6, 2006, the Commonwealth of Massachusetts Division of Administrative Law Appeals issued and recommended their final decision. In part, the decision stated that the Allens’ 24,437 square foot lot lies within an embayment of the Pamet River and its tributary Mill Creek. The embayment is separated from Cape Cod Bay by a barrier beach system approximately 1,300 feet wide on the south side. According to the plan, construction is proposed within 20 feet of the mean high water line and within three feet of what is labeled “top of bank.” All proposed development is within land subject to coastal storm flowage, a protected resource area under the Act. The Allens’ project was pending before the Truro Conservation Commission for several years. The Conservation Commission did not act on the proposal because it lacked engineered plans. The DEP requested completed plans and the Allens provided them. DEP initially accepted the Allens’ characterizations of the property as a coastal bank and approved the Allens’ proposal. After then Administrative Law Judge Francis X. Mee held a pre-hearing conference and the matter was assigned to this officer for a hearing, the parties’ technical representatives met at the site in 2001. As a result of that visit, James Mahala, a coastal geologist with the DEP formed the opinion that the land form on the Allen’s property was a coastal dune and not a coastal bank. The parties then embarked on a protracted attempt to settle the dispute by revising the project so that it could be approved. The effort ultimately failed and the Allens decided to seek approval of the project as originally approved by the DEP.
The Allens argue that their project is proposed in the 100 foot buffer zone to a coastal bank and that it meets the performance standards for that resource area. They rely on the testimony of Peter Rosen, PhD., a professor at Northeastern University and a coastal geologist. According to Dr. Rosen, the land form at the Allens’ property is a coastal bank comprised of deposits dredged from the Mill River in 1919 and placed over a salt marsh. In his view, no new sediment source exists to supply sand to this coastal feature and he found no evidence of the landward transport of sand.
The Conservation Commission, the DEP and the intervener disagree. Stanley M. Humphries testified for the Conservation Commission. He is a coastal geologist with Ocean and Coastal Consultants, Inc. and has 27years experience in coastal matters. James Mahala is a coastal geologist with the DEP and has worked for the Wetlands Program since 1986. Mr. Humphries and Mr. Mahala opined that the land form is a coastal dune with the ability to reform and to move landward. The hearing officer concluded that he need not sort out the conflicting views about the original of the land form on the Allen’s property. Mr. Humphries and Mr. Mahala share the opinion that even if Dr. Rosen’s theoiy about the origin of the land form is correct, the land form currently functions as a coastal dune and thus meets the definition in 310 CMR 10.28(2). No matter how the land form was created, the hearing officer concluded that he must decide whether it serves the wetland interests of storm damage prevention and flood control in the manner a dune does.
At the hearing, as concluded by the hearings officer, he stated that the Allens make much of the fact that in a 1993 decision the DEP found the only resource area on the Allens’ property was land subject to coastal storm flowage and that in its FOC it agreed with the Allens that the property contained a coastal bank. The basis for the 1993 decision is unexplained. Mr. Mahala testified convincingly about the factors that influenced him to change his opinion after he issued the Super-ceding Order of Conditions and after he had reason to more closely examine the land form. Consequently, the hearing examiner did not give any weight to the earlier decisions. In conclusion, the examiner stated that he was more persuaded by the testimony of Mr. Humphries and Mr. Mahala than of Dr. Rosen. He reviewed Dr. Rosen’s observations as of a fluctuating coastal beach and a disappearing coastal bank to be more in keeping with changes to dune form and *576 volume over time because a coastal bank does not reform itself. The hearing examiner was not persuaded by Dr. Rosen’s interpretation of his written direct testimony concerning the sediment source or the purported 1919 dredging or for the location of sand that may in-fill the Mill Creek today. The hearing examiner was more persuaded by Mr. Mahala’s testimony concerning the planned dredging within the entire Mill Creek basin and the dredging application he submitted showing considerable material to be dredged and dredging locations near the Allens’ property.
Pursuant to G.L.c. 30A, §14(7), this court may reverse, remand, or modify an agency decision if “the substantial rights of any party may have been prejudiced” because the agency decision is based on an error of law or an unlawful procedure, arbitrary and capricious or unwarranted by facts found by the agency and supported by substantial evidence. In reviewing an agency decision, this court is required to give “due weight to the experience, technical competence and specialized knowledge of the agency, as well as the discretionary authority conferred upon it” by statute. G.L.c. 30A, §14(7) (1997); Flint v. Commissioner of Public Welfare, 412 Mass. 416 (1992); Seagram Distiller’s Company v. Alcoholic Beverages Control Commission, 401 Mass. 713 (1988). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School v. Labor Relations Commission, 386 Mass. 414 (1982), citing Old Town Liquor Store, Inc. v. Alcoholic Beverages Control Commission, 372 Mass. 152 (1977). Nor may a court reject an administrative agency’s choice between two conflicting views, even though the court justifiably would have made a different choice had the matter been presented de novo. Zoning Board of Appeals v. Housing Appeals Commission, 385 Mass. 651 (1982). After a complete review of the administrative record submitted to this court, this court has determined that the decision of the agency the DEP did not constitute errors of law, was not subject to an unlawful procedure, and that their decision was not arbitrary and capricious.
The plaintiffs’ claims are that the interpretation of the meaning of the definition of coastal dune is a question of law. On the contrary, the difference between a coastal dune and a coastal bank shall be determined by the testimony of experts as provided before the administrative law judge and the administrative law judge determined from the experts presented that the land is a coastal dune which is different from a coastal bank, and this court cannot substitute its decision for the agency. The second claim presented by the plaintiffs is that the administrative law judge’s decision to allow direct testimony on cross examination was a procedural irregularity requiring reversal and remand. Again, on the contrary, there are no rules of evidence with respect to administrative hearings. It is certainly within the realm of his discretionary powers to admit evidence as he deems fit.
As the plaintiffs have failed to identify any error of law or any other ground for reversal of the hearing officer’s decision, pursuant to G.L.c. 30A, §14(7), the decision must be affirmed.

CONCLUSION AND ORDER

For the reasons stated, the plaintiffs’ motion for judgment on the pleadings is DENIED and the defendants’ cross motion for judgment on the pleadings is ALLOWED. Judgment shall enter AFFIRMING the decision of the Department of Environmental Protection.