CLARENCE T. GEEGAN v. UNEMPLOYMENT COMPENSATION COMMISSION OF DELAWARE.

(*October* 19, 1950.)

WOLCOTT, J., sitting.

*Henry A. Wise, Jr.,* for the Plaintiff.

*Frank L. Speakman* for the Commission.

Superior Court for New Castle County, No. 505, Civil Action, 1950.

WOLCOTT, J.

On March 13, 1950, the claimant, being then unemployed in St. Petersburg, Florida, was referred by the Unemployment Office at that place to a job opportunity with Guarantee Abstract Company. The claimant reported to the company where he was informed that the primary requisite for the job was good penmanship. The claimant informed the person interviewing him that his penmanship was poor and showed him a sample of his handwriting. According to the testimony of the claimant, he sought to make out an application for the job but was told not to do so by the person interviewing him.

Thereafter, claimant applied for unemployment compensation which was denied by the Claims Examiner. From this decision, claimant took an appeal to the Referee who reversed the Claims Examiner and found the claimant eligible for unemployment benefits. An appeal was taken by the Chief of Benefits to the Unemployment Compensation Commission which reversed the findings of the Referee and found the claimant to be ineligible for unemployment benefits because he had refused to accept a referral to a job opportunity. From the decision of the Commission, the claimant appealed to this court under Section 6(i) of the Unemployment Compensation Law, 41 Del. Laws, c. 258, which provides that the findings of the Commission as to the facts "if supported by evidence and in the absence of fraud, shall be conclusive  *  *  *."

The contentions of the parties narrow down to the question of whether or not the claimant had actually refused to apply for the job to which he had been referred. The claimant contends that the only evidence to justify the finding of the Commission consists of a summary of an interview of the claimant signed by the placement officer of the Unemployment Compensation Division of the State of Florida. In this summary appears a statement to the effect that the claimant denied his penmanship ability and re-

fused to fill out an application for the job. Claimant contends that this evidence is inadmissible because it is hearsay evidence.

The Commission contends that the demeanor of the claimant testifying before the Commission and inferences to be drawn from statements made by him in the course of his testimony justify the conclusion that he did not wholeheartedly attempt to obtain the employment to which he had been referred in Florida.

After a review of the record, I am satisfied that the only evidence in it to support the finding of the Commission is the summary of the interview held by the placement officer in Florida. The statement appearing therein is, of course, hearsay evidence and inadmissable in a court of law.

The question for my determination, therefore, is whether or not, under the Unemployment Compensation Law, hearsay evidence may be accepted by the Commission and made the basis of the finding of ineligibility for benefits.

██ Section 6 (f) of the Unemployment Compensation Law confers upon the Commission authority to adopt regulations for the conduct of hearing an appeal "whether or not such regulations conform to common law or statutory rules of evidence and other technical rules of procedure." No rule or regulation of the Commission has been called to my attention adopted pursuant to this section of the law and purportedly authorizing the acceptance of hearsay evidence and the predication of findings upon it. In the absence of such a regulation, therefore, clearly the Commission is bound by the legal rules of evidence, among which is to be found the prohibition against the acceptance of hearsay evidence.

██ Furthermore, even though such a regulation had been adopted by the Commission, the findings of the Commission could not be based upon hearsay evidence alone. The purpose of au-

thority to accept evidence not conforming to the legal rules is to free administrative boards or commissions from technical rules in order to prevent the invalidation of administrative orders when such evidence has been received. This purpose, however, does not justify the entry of orders not based upon evidence having probative value. *National Labor Relations Board v. Columbian, etc., Co.,* 306 *U. S.* 292, 59 *S. Ct.* 501, 83 *L. Ed.* 660.

Under a somewhat similar provision in the Pennsylvania Unemployment Compensation Law, the report of an investigator, which was a part of the record, was ruled to have no probative force because of the lack of opportunity of cross-examination, the fundamental reason for the exclusion of hearsay evidence. *Phillips v. Unemployment Compensation Board,* 152 *Pa.Super.* 75, 30 *A.2d* 718.

The provision in Section 6(i) of the Unemployment Compensation Law, to the effect that the Commission's finding is conclusive if "supported by evidence", means therefore that the finding of the Commission is conclusive if supported by competent evidence having probative value. As pointed out above, I cannot find in the record before me any competent evidence having probative value to support the finding of the Commission. The Commission's decision is therefore reversed.