395 So.2d 964 (1981)
Susie Mae WILLIAMS
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION and Anderson-Tully Company.
No. 52,461.
Supreme Court of Mississippi.
March 18, 1981.
Rehearing Denied April 1, 1981.
*965 Barry H. Powell, Alfred H. Rhodes, Jr., Jackson, David F. Baughn, Vicksburg, for appellant.
Fred J. Lotterhos, Jackson, for appellee.
Before PATTERSON, C.J., SUGG and WALKER, JJ.
PATTERSON, Chief Justice, for the Court:
Susie Mae Williams appeals from the Circuit Court of Warren County where an order of the Board of Review of the Mississippi Employment Security Commission denying her unemployment compensation benefits was affirmed. The claims examiner initially disqualified Ms. Williams from receiving benefits because she refused an offer of suitable work. On appeal to the referee, this disqualification was reversed and Anderson-Tully Co. appealed to the Board of Review which remanded the cause to the referee for the taking of the employer's testimony on September 28, 1979. The employer did not make an appearance whereupon on October 16, 1979, with no additional evidence before it, the board reversed the referee's decision and reinstated the disqualification of Ms. Williams.
Ms. Williams appeals from the Circuit Court of Warren County, assigning two errors.
1. The finding of fact of the Board of Review of the Mississippi Employment Security Commission cannot be based solely on hearsay evidence;
2. The denial of unemployment compensation benefits solely on the basis of hearsay evidence deprived appellant of her right to confront and cross-examine the witnesses against her in violation of the Fourteenth Amendment of the United States Constitution.
At the preliminary hearing before the referee, Ms. Williams testified she was laid off from her job as a boring machine operator at Anderson-Tully and thereafter filed a claim for unemployment compensation on May 21, 1979. In the early part of June, 1979, the secretary at Anderson-Tully informed her of a job opening, but according to appellant did not describe the pay or give her an opportunity to indicate whether she would accept the job. Instead, the secretary informed her she could wait until her old job reopened. Ms. Williams denied having refused the offer of work. The testimony of Anderson-Tully was not taken at this hearing.
Subsequently, Anderson-Tully appealed and stated in a letter to the Board of Review dated August 23, 1979, that Ms. Williams volunteered for lay-off on May 18, 1979, because of her pregnancy. Also, the letter stated that on June 7, 1979, Ms. Williams was offered a job paying $3.35 per hour which she refused to accept.
Anderson-Tully did not appear at the preliminary hearing nor did they appear at the second scheduled hearing following remand for the taking of additional evidence.
The sole basis for the decision of the Board of Review was Anderson-Tully's letter stating that Ms. Williams had refused available, suitable work. This decision based solely on hearsay is the primary issue, and appellant contends that a finding of fact in unemployment compensation proceedings cannot be based solely on hearsay testimony.
The scope of judicial review on an appeal from an order of the Board of Review is confined to questions of law. MCA § 71-5-531 (1972) provides that "In any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law ...". This requires *966 a determination of the sufficiency of the evidentiary basis of the decision.
We are of the opinion that based on the particular facts and circumstances of the case before us the decision to disqualify Ms. Williams from receiving benefits was not based on sufficient evidence.
This Court has long applied the substantial evidence rule when reviewing the sufficiency of the evidence in workmen's compensation cases. See Dunn, Mississippi Workmen's Compensation, § 289 (2d ed. 1967). We are of the opinion the word "evidence" in § 71-5-531 should likewise be construed to mean substantial evidence. Application of the substantial evidence rule to the case on appeal would require reversal because uncorroborated hearsay is not substantial evidence, even though hearsay is admissible in an administrative proceeding. We think the letter which formed the basis for the board's decision wholly failed to meet the substantial evidence standard. See Geegan v. Unemployment Compensation Commission, 45 Del. 513, 76 A.2d 116 (1950); Sinclair v. Director of Division of Employment Security, 331 Mass. 101, 117 N.E.2d 164 (1954).
Also upon remand to the referee, a second hearing was scheduled but not conducted; and the record does not reveal any notice given to Ms. Williams that the Board of Review would again consider it. We are of the opinion that notice to Ms. Williams was necessary before the board reconsidered and rendered its decision to reverse and disqualify the claimant. See MCA § 71-5-519 (1972) and § 71-5-523 (1972).
Therefore, we are of the opinion the decision should be reversed because it was not rendered on the basis of substantial, credible evidence nor was notice provided to claimant prior to the board's decision to reverse. Reversed and remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.