**DIRECTOR OF REVENUE, Respondent Below, Appellant,**

v.

**Donald P. and Jane M. STROUP, Petitioners Below, Appellees.**

Superior Court of Delaware, New Castle County.

Submitted: Sept. 18, 1991.
Decided: Feb. 13, 1992.

Amanda S. Krasinski, Esq., Deputy Atty. Gen., Dept. of Justice, for Director of Revenue.

Donald P. Stroup and Jane M. Stroup, pro se.

## OPINION

HERLIHY, Judge.

The Director of the Division of Revenue [Director] has appealed a decision of the Tax Appeal Board [Board] reversing an assessment against Donald P. and Jane M. Stroup [Stroups], taxpayers. The assessment was for failure to file Delaware income tax returns for tax years 1980 and 1981. The Board found that the Stroups had filed in those years.

## FACTS

On October 24, 1986, the Division of Revenue [Division] sent a letter to the Stroups that its records indicated a failure to file returns for tax years 1980 and 1981. Tax assessments and penalties were imposed totaling $3,223.38. The Stroups contested the Division's assessments and the Board held a hearing on November 13, 1987. However, the Board did not issue its opinion until February 8, 1991.

In 1980, the Stroups apparently maintained their primary residence in Delaware but kept apartments in Pennsylvania and New Jersey. They claim to have filed returns with all three states and the federal government for that year. They maintained the same residences in 1981 and contend they filed tax returns with the same four governmental entities for that year as well.

At the hearing, the Director's representative testified that the failure to file apparently was discovered several weeks before the October 24, 1986 letter. The discovery resulted from an initial comparison of those persons who had filed federal tax returns but had not filed Delaware returns. An audit of the Division's files occurring thereafter showed no record of the Stroups having filed 1980 and 1981 tax returns. Mr. Stroup testified that he mailed the 1980 return on or about March 22, 1981 with a check in the amount of $489 for taxes due. He also testified that he mailed the 1981 tax return on February 6, 1982 with a check in the amount of $881 for taxes due. He produced neither check at the Board hearing. He testified both returns were sent regular first class mail, not registered or certified.

Mr. Stroup testified that he had several different bank accounts in 1980 and 1981. One was at the Bank of Delaware and others were apparently at banks in Maryland and Pennsylvania. He told the Board that after getting the assessment, he tried to get copies of his bank records, specifically canceled checks from one bank but that bank would not go back more than three years. It is not clear which bank he checked. He produced no documentation of this effort. He acknowledged his awareness of federal law requiring banks to keep records for a long period of time. He said that the one bank he checked refused to go back into its records of his account.

During the process of contesting the Division's assessment prior to the Board's hearing, Mr. Stroup supplied the Division with copies of the 1980 and 1981 tax re-

turns.[1] The Division paid refunds to the Stroups for tax years 1982 and 1983. The Board concluded that the Stroups had filed and paid their 1980 and 1981 Delaware taxes. The Board made several findings in support of this conclusion. First it noted H & R Block prepared the returns. Second, it noted taxes were due in both years but that payments were made on an out-of-state bank and the Stroups could not retrieve copies of their checks. Third, the Board noted that refunds had been paid to the Stroups in two succeeding tax years. The Board found that no refunds would have been paid if taxes in prior years were still due. One member of the Board dissented.

## STANDARD OF REVIEW

■ The Board is subject to the provisions of the Administrative Procedures Act. 29 *Del.C.* § 10161(6). On an appeal from a Board decision, this Court is limited to determine if the Board's decision is supported by substantial evidence and the record is free from errors of law. 29 *Del.C.* § 10142(d); *State Tax Commission v. Wilmington Trust Co.,* Del.Super., 266 A.2d 419, 421 (1968). Substantial evidence is "such relevant evidence as a reasonable mind might accept to support a conclusion ... [it is] more than a scintilla but less than a preponderance." *Olney v. Cooch,* Del. Supr., 425 A.2d 610, 614 (1981).

■ On an appeal from the Board, this Court does not sit as a trier of fact with authority to weigh the evidence. *Johnson v. Chrysler Corp.,* Del.Supr., 213 A.2d 64, 66 (1965). Issues of the credibility of witnesses are for the Board, not the Court. *General Motors Corp. v. McNemar,* Del. Supr., 202 A.2d 803, 807 (1964). This Court does not substitute its judgment for that of

the Board. *Stewart v. Del. Liquor Commission,* Del.Gen.Sess. 74 A.2d 472 (1950).

## DISCUSSION

■ Taxpayers contesting an assessment for failure to file bear the burden of proof before the Board[2]. Admissibility of evidence before the Board is governed by the Delaware Rules of Evidence[3].

### A

■ The Board based its conclusion that filing and payment had occurred on several grounds. The first ground was that H & R Block had prepared the two returns in question. Since the H & R Block letter was properly excluded, D.R.E. 801, the only testimony on this point was from Mr. Stroup. It is not clear, however, that the Board did not rely upon the inadmissible letter in reaching this conclusion.

The second ground for finding in favor of the Stroups was that Mr. Stroup had tried to retrieve copies of the two canceled checks which he said were used to pay the taxes. He testified he went to only one of the three banks he used in 1980 and 1981 but it would not seek out records over three years old.[4] There are several problems with this bank testimony and the Board's reliance upon it. First, any of the banks the Stroups would have gone to for copies of old checks were required to keep such records for five years. 12 U.S.C.A. §§ 1829b(d) and (g); 31 C.F.R. 103.38(a) and (d). While it might be a close question if any of his three banks had the March 1981 check when he inquired in late 1986, Mr. Stroup's statement that the bank had records only for three years does not comport with federal law. All three of his

---

1. Mr. Stroup also offered into evidence before the Board an H & R Block letter stating it has timely prepared the Stroups' 1980 and 1981 tax returns. The letter was ruled inadmissible as hearsay.

2. The burden of proof shall be upon the petitioner except as otherwise provided by statute, and except that in respect of any new facts or issues pleaded in his answer it shall be upon the respondent.

Del. Tax Appeal Board Rule 18.

3. The proceedings of the Board on hearings will be conducted in accordance with the *rules of evidence applicable in the Superior Court of the State of Delaware.*

Del. Tax Appeal Board Rule 17a.

4. No timely objection was made to this otherwise inadmissible hearsay.

banks should still have had his 1982 check when he inquired, if he did, in 1986.

Second, Mr. Stroup's statement of checking with only one bank left out his other two banks. There was no evidence he checked with either of the other two banks. Third, the only evidence that he inquired about records from a bank was from Mr. Stroup himself. To utilize the H & R Block letter was impermissible reliance upon hearsay evidence. *See Geegan v. Unemployment Compensation Comm.*, Del.Super., 76 A.2d 116, 117 (1950); *In Re: Kennedy*, Del.Supr., 472 A.2d 1317, 1329 (1984). While there was no objection to the testimony about the bank's response to Mr. Stroup's inquiry, the Board's reliance upon it was plain error and impermissible. *See Goddard v. State*, Del.Supr., 382 A.2d 238 (1977); D.R.E. 103(d); *Geegan*, 76 A.2d 116.

### B

The Board also relied upon Mr. Stroup's statement that he mailed the returns with the checks. The Board misplaced the burden of proof of filing, in effect, by shifting the burden of proof to the Director. No envelope, mail receipt or other document was produced before the Board. The only testimony of the date of mailing was from Mr. Stroup.

The Delaware Revenue Code provides:

If any claim, statement, notice, petition or other document including, to the extent authorized by the State Tax Commissioner, a return or declaration of estimated tax required to be filed within a prescribed period or on or before a prescribed date under the authority of any provision of this chapter is, after such period or such date, delivered by United States mail to the State Tax Commissioner, or the officer or person therein with which, or with whom, such document is required to be filed, the date of the United States postmark stamped on the envelope shall be deemed to be the date of delivery.... If any document is sent by United States registered mail, such registration shall be prima facie evidence that such document was delivered to the State

Tax Commissioner, or the office, officer or person to which, or to whom, it is addressed.

30 *Del.C.* § 1211. This section is similar to a provision in the Internal Revenue Code:

If any return ... [is] required to be filed ... within a prescribed period or on or before a prescribed date ... the date of the United States postmark stamped on the cover in which such return ... is mailed shall be deemed to be the date of delivery.... This subsection shall apply only if ... the postmark date falls within the prescribed period or on or before the prescribed date for the filing ... of the return ... and the return ... was, ... deposited in the mail in the United States in an envelope ... postage prepaid, properly addressed to the agency ... with which the return ... is required to be filed.... If any such return ... is sent by United States registered mail—such registration shall be prima facie evidence that the return ... was delivered to the agency.

26 U.S.C. §§ 7502(a) and (c).

■ In the absence of a postmark or postal receipt, there is no proof of mailing. *Deutsch v. Commissioner*, 599 F.2d 44 (2nd Cir.1979) *cert. denied*, 444 U.S. 1015, 100 S.Ct. 665, 62 L.Ed.2d 644 (1979). This principle applies to failure to file cases. *Miller v. U.S.*, 784 F.2d 728 (6th Cir., 1986).

■ Both federal cases interpreted the above-cited federal law. It is clear that *Deutsch* and *Miller* stand for the proposition that proof of filing requires more than testimony that a return was mailed. The Court sees no reason to interpret the Delaware law differently. The language in both the state and federal statutes referring to a postmark does not stand for the proposition that mailing a return, in the absence of a postmark, is sufficient to prove filing. The postmark language exists to resolve disputes over dates of filing but it requires the existence of a postmark. There was no evidence of a postmark in this case.

■ While it is clear that no rule or statute prohibits the use of regular first

class mail to send state tax returns, the taxpayer potentially acts at his peril if an allegation is made of failure to file and then no records can be found and no envelope or postal receipt can be produced. The complaint here was a failure to file. The Director's evidence was that no record of a filing or payment could be found for 1980 or 1981. As taxpayers and petitioners, the Stroups had the burden of showing filing. Their claim of mailing, without more, is insufficient. Therefore, the Board erred.

### C

The Board erred as a matter of law and fact, in effect, by finding that the Director would not have made refunds in 1982 and 1983 if taxes were due in 1980 and 1981. The record in this case is that the Director first learned in 1986 of the possible failure to file. There is no evidence in the record that the Director had knowledge in 1982 or 1983 of the failure to file in the prior two years. To impute such knowledge or to find that the Director should have constructive knowledge of a failure to file but is barred because of the subsequent refunds is erroneous.

The Director is permitted to deduct tax obligations from refunds. 30 *Del.C.* § 1196. However, the Director is required to pay interest at one percent per month after 46 days following the due date for the tax return. 30 *Del.C.* § 1199. Thus, there is a strong financial incentive for the Director to speed payment of refunds. The Board's finding ignores the statutory language. Title 30 *Del.C.* § 1191(a) places a three year statute of limitations on a notice of a tax deficiency to a taxpayer. The three years runs from the date the return was filed. However, where no return was filed, there is no statute of limitations. 30 *Del.C.* § 1191(b).

Courts are required to give statutes their plain meaning when no ambiguity exists. *Daniels v. State*, Del.Supr., 538 A.2d 1104 (1988). There is no period of limitations to be read into 30 *Del.C.* § 1191(b). *Wilson v. Director of Revenue*, Del.Super., C.A. No. 82A–JN–3, Christie, J.

(December 23, 1982). To rule that the subsequent years' refunds bars assessing deficiencies for a failure to file in prior years imposes a statute of limitations where none exists. Such a ruling places virtual impossible administrative burdens on the Division to audit all returns, check state filings against federal filings and determine deficiencies or failure to file prior to making refunds. These results are not supportable in the Delaware Tax Code.

The legislature intended to speed refunds by imposing a liability on the Director to pay interest on refunds not paid within a period of less than two months. Yet the legislature imposed no statute of limitations on the Director's ability to seek out those who failed to file. Since the Board's decision, in effect, precludes that action by the Director, it is wrong as a matter of law.

The Board erred as a matter of fact by finding that the Director would not have paid refunds in later years if taxes were due in prior years. The factual error appears to have been influenced by the error of law just described. The factual error arises from the inference the Board drew that the Director would not have made such refunds if taxes had not been paid in prior years.

This inference ignores the taxpayer's burden of proof of filing. As a matter of law, the taxpayer failed in that burden, *ante* at 27–28. The Director produced evidence of negative results from an exhaustive search of his files and records. While the payment of subsequent years' refunds was relevant, the inference attached by the Board is too great.

There is not substantial evidence in the record to support the Board's conclusion that the Stroups filed Delaware tax returns in 1980 and 1981.

The Stroups may have other evidence in support of their claim that they filed tax returns in 1980 and 1981. Since the Board misconceived and misapplied the requisite burden of proof, the Stroups must be afforded the opportunity to present any addi-

tional evidence.[5]

## CONCLUSION

Accordingly, the Tax Appeal Board's decision upholding Donald P. and Jane M. Stroup is REVERSED and REMANDED for proceedings consistent herewith.

---

5. The Court is mindful that the banks with whom the Stroups dealt in 1980 and 1981 may now have destroyed their records. However, this dilemma was avoidable with a more dili-gent and timely search with the banks at an earlier stage.