McMILLIN, C.J.,
for the court.
¶ 1. Tabitha Otto filed for unemployment benefits. The Board of Review for the Mississippi Employment Security Commission found that Otto had been discharged for misconduct, disqualifying her from benefits. Here on appeal, Otto argues that this finding is not supported by the evidence. We find substantial evidence to support the decision. Therefore, we affirm.
I.
Facts
¶ 2. Tabitha Otto had worked at Happy Day Child Care in Saltillo, Mississippi for approximately two years prior to April 16, 2001. On that day, Otto and the director of the child care center, Darlene Garrison, got into a disagreement concerning the care for one of the children. As a result, Otto went to another part of the facility to talk to the owners. They were not in. Otto informed the director that she was leaving but would be back later that day when the owners were likely to be present. According to evidence introduced at the Commission, the director asked her not to leave. Otto did anyway. She was terminated for having left work without permission.
¶ 3. Otto filed for unemployment compensation. The claims examiner found that Otto had quit her job in a manner that constituted misconduct. See Miss.Code Ann. 71-5-513(A)(l)(b) (Rev.2000). Though she sought review by an appeals referee, she did not attend the scheduled hearing. The appeals referee affirmed the claim examiner’s findings.
¶ 4. Otto filed a notice of appeal to the Board of Review, claiming that she never received notice of the earlier-stage hearing. Otto, not represented by counsel, put on the form noting her appeal that “I do not agree with the decision. Also I did not get my letter to tell me when the hearing was. I have some witnesses for me.” The Board then sent Otto a letter informing her that her appeal had been received. It would be considered on the record already made, unless the Board found that a further hearing would be necessary. It that case it would notify her of that hearing.
¶ 5. Without a hearing, the Board of Review affirmed that Otto was ineligible for unemployment compensation. The *549 Lee County Circuit Court affirmed. Otto now appeals to this Court.
II.
Discussion
¶ 6. Factual findings of the Commission’s Board of Review, if supported by substantial evidence, will be upheld on appeal. Miss.Code Ann. § 71-5-531 (Rev. 2000); Williams v. Mississippi Emp. Sec. Comm’n, 395 So.2d 964, 966 (Miss.1981) (“evidence” in statute means “substantial evidence.”) Otto’s argument in this appeal is that the evidence presented by her former employer did not prove misconduct. Therefore, we must determine whether under the relevant law applicable to disqualification from benefits, there was substantial evidence of misconduct.
¶ 7. Prior to considering the evidence, we examine a procedural issue that Otto raises.
A.
Rehearing
¶ 8. In her first issue, Otto asserts a due process violation. She believes that she was unfairly deprived of her right to notice and a hearing by the appeals referee. Because of this, she believes that she should have been granted a rehearing.
¶ 9. Otto claims that she never received notice from the appeals referee of the hearing. She alleges that on several occasions she did not receive mail from the Commission and had to go to the unemployment office and submit her claims forms. She did receive, though, a letter informing her of the outcome of the appeals referee’s hearing that occurred without her. That letter stated this:
you may file an appeal with the Board of Review ... or, if neither you nor your representative attended your hearing, you may file a written request with the Referee for a rehearing .... Your request should state the reason you failed to attend. The Referee will determine if good cause exists to grant a rehearing. IF AN APPEAL IS TAKEN TO THE BOARD OF REVIEW, SUCH APPEAL WILL BE CONSIDERED ON THE RECORD PREVIOUSLY MADE AND NO HEARING BEFORE THE BOARD OF REVIEW WILL BE SCHEDULED.
¶ 10. Otto, proceeding without counsel, did not take this advice, perhaps not noticing it or else not understanding its significance. She did discuss her desires with an employment interviewer at the Tupelo MESC office, named Ruby Trimble. The result of that discussion was that a document was prepared, probably by Trimble, then signed by Otto that she wanted to appeal the decision. That document, which appears to be a computer-generated form with specific information inserted regarding the case, mentioned that she had not received notice of the prior hearing and that “I have some witnesses for me.”
¶ 11. The dissent would take this language to be a request for a hearing, the denial of which is found to be arbitrary and capricious. Instead, we find that the document is what it says it is — an appeal. What Otto and Trimble discussed, why Otto signed a document that said that she was appealing and did not seek a rehearing, what Otto understood and what she may have misunderstood, cannot be reconstructed. She had been given notice that if she appealed, no more evidence would be taken. She had also been informed that she could request a rehearing in writing if she had not received notice of the earlier hearing. We acknowledge that Otto’s appreciation of the distinctions between an appeal and a rehearing may have been minimal. It is also possible that Otto de *550 cided just to appeal based on the record that there was, perhaps in frustration over the process or pessimism about the effect of a rehearing. Misunderstanding or simple resignation are both plausible. There is no confusion, though, that she had received a document that said no more evidence was to be taken if she appealed, and signed another document that specifically requested an appeal.
¶ 12. As a result of this response, no further consideration was given to whether Otto had good cause for failing to attend her first hearing. The Commission then sent Otto a letter informing her that her appeal to the Board of Review had been received. The letter stated that her appeal would be considered on the record already made and no further hearing would be scheduled unless the Board informed her that it had determined such a hearing would be useful.
¶ 13. The Supreme Court has determined that the proper management of the court system requires that pro se parties conform to the same procedural requirements as do represented parties. Dethlefs v. Beau Maison Dev. Corp., 511 So.2d 112, 118 (Miss.1987). Otto had a right to a hearing, failed both to attend the initial hearing or, after being informed of her right, taking advantage of the opportunity to request a second hearing. There is no due process violation.
B.
Substantial Evidence
¶ 14. The central issue on this appeal was whether misconduct was shown. Otto largely relies on the argument that since the Appeals Referee only heard the employer’s side of the story, the referee’s finding of statutory misconduct was unfairly reached. That is not enough, as responsibility for the failure to have her side of the story cannot be assigned to the Commission nor to the employer.
¶ 15. Otto next argues that the evidence presented by the director and the day care owner was not sufficient for a finding of misconduct. Disqualifying misconduct is defined as actions “evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee.... ” Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982).
¶ 16. Garrison, who was the director who had the confrontation with Otto, testified that Otto refused to accept Garrison’s instruction as to when the children in the nursery were in need of care. She stated that Otto insisted on leaving, even after Garrison had explained that, by leaving, she was going to be assumed to have quit her job. Garrison testified that such an extreme measure was needed because, as she explained to Otto, when Otto left the premises, she placed the child care center in the position of being in violation of regulations requiring two or more adults to be present with the number of children in the center. Based upon this testimony, the referee found that Otto had left her job in a manner which constituted misconduct. We agree that these actions could be characterized as a willful and wanton disregard of the employer’s interest, and to fall well short of standards of behavior which the employer has the right to expect.
¶ 17. These findings are supported by the only evidence in the record, and that evidence was substantial. We affirm.
¶ 18. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT, UPHOLDING THE DENIAL OF UNEM *551 PLOYMENT BENEFITS, IS AFFIRMED.
SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, MYERS, AND CHANDLER, JJ., CONCUR. KING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY IRVING AND BRANTLEY, JJ.