# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

VONNIE BARGER,

    APPELLANT,

    v.

UNEMPLOYMENT INSURANCE
APPEAL BOARD and CRILLY, INC.
d/b/a DUNKIN DONUTS,

    APPELLEES.

:
:    **C.A. No. K18A-05-001 NEP**
:
:    **In and For Kent County**
:
:
:
:
:
:
:
:
:
:

## ORDER

**Submitted: September 4, 2018**
**Decided: October 9, 2018**

Appellant/Claimant Vonnie Barger (hereinafter "Ms. Barger") has appealed a decision of the Unemployment Insurance Appeals Board (hereinafter the "UIAB"), which affirmed the determination of the Appeals Referee denying her unemployment benefits because she was discharged from her employment with Crilly, Inc. d/b/a Dunkin Donuts (hereinafter "Dunkin") for just cause. Ms. Barger filed this timely appeal on May 2, 2018.[1] Neither Dunkin nor the UIAB filed an answering brief. The Court's review is confined to the facts contained in the record, and it is those facts that are referenced herein.

---

[1] The decision was mailed on April 25, 2018 and became final on May 4, 2018. Ms. Barger filed her appeal on May 2, 2018, within the 10-day appeal period. 19 *Del. C.* § 3323.

Ms. Barger was discharged from Dunkin on December 20, 2017. Prior to her discharge, Ms. Barger was reprimanded on several occasions by her supervisor, Christopher Valentine (hereinafter "Mr. Valentine"), including on September 30, 2016, for showing up an hour late for her assigned shift, and on August 4, 2017, when her cash register was $33.42 short. Additionally, Ms. Barger was warned by Mr. Valentine on October 17, 2017, that she was the subject of multiple customer complaints,[2] including complaints of rude and disrespectful behavior, and she was admonished at this meeting that any further complaints would result in demotion, loss of hours, or termination. Ms. Barger received an ensuing customer complaint on December 16, 2017, for not greeting and ignoring a guest when she came in, and was subsequently terminated four days later. Noting the above facts, the UIAB found that Ms. Barger demonstrated a pattern of conduct in violation of the employer's interest,[3] and was therefore discharged for cause, and disqualified from the receipt of unemployment benefits.[4] Ms. Barger timely appealed to this Court.

An appeal from an administrative board's final order to this Court is confined to a determination of whether the board's decision is supported by substantial evidence and is free from legal error.[5] Evidence is substantial when it is such that a reasonable mind might accept as adequate to support a conclusion.[6] The board's findings are conclusive and will be affirmed if supported by "competent evidence having

---

[2] In all, there were six customer complaints that were introduced into evidence at the Appeals Referee hearing. These complaints range in date from August 2017 through December 2017.

[3] *See Wilson v. Unemployment Ins. Appeal Bd.*, 2011 WL 3243366, at *2 (Del. Super. Jul. 27, 2011) ("Violation of a reasonable company rule may constitute just cause for discharge if the employee is aware of the policy and the possible subsequent termination").

[4] 19 *Del. C.* § 3314(2).

[5] *E.g., Unemployment Ins. Appeal Bd. Dept. of Labor v. Duncan*, 337 A.2d 308, 308 (Del. 1975); *Thompson v. Christiana Care Health System*, 25 A.3d 778, 781–82 (Del. 2011).

[6] *Histed v. E.I. Dupont deNemours & Co.*, 621 A.2d 340, 342 (Del. 1993).

probative value."[7] The appellate court does not weigh the evidence or make its own factual findings,[8] but merely determines if the evidence is legally adequate to support the board's factual findings.[9] The party that attacks the board's decision bears the burden of proof.[10] However, it is generally accepted that where a decision to terminate an employee is based on misconduct, the burden of proof lies with the employer to establish the misconduct.[11]

Pursuant to 19 *Del. C.* § 3314(2), a claimant is not eligible for benefits when she is terminated from employment for "just cause." "Just cause" is defined as a "willful or wanton act in violation of either the employer's interest, or of the employee's duties, or of the employee's standard of conduct."[12] This Court uses a two-step analysis in evaluating "just cause": 1) whether a policy existed, and if so, what conduct was prohibited, and 2) whether the employee was apprised of the policy, and if so, how she was made aware.[13] Knowledge of a company policy may be established by evidence of a written policy, such as an employer's handbook, *or by previous warnings of objectionable conduct.*[14]

Ms. Barger's lone argument for reversal relates to the merits of the UIAB's decision. She argues that her termination was solely a result of the December 16,

---

[7] *Geegan v. Unemployment Compensation Commission*, 76 A.2d 116, 117 (Del. Super. 1950).

[8] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

[9] 29 *Del. C.* § 10142(d).

[10] *Dep't of Justice v. Unemployment Ins. Appeal Bd.*, 2016 WL 3742158, at *4 (Del. Super. July 6, 2016) (citations omitted).

[11] *Country Life Homes, Inc. v. Unemployment Ins. Appeal Bd.*, 2007 WL 1519520, at *3 (Del. Super. May 8, 2007).

[12] *Abex Corp. v. Todd*, 235 A.2d 271, 272 (Del. Super. 1967).

[13] *Wilson*, 2011 WL 3243366, at *2 ("Violation of a reasonable company rule may constitute just cause for discharge if the employee is aware of the policy and the possible subsequent termination"); *see also McCoy v. Occidental Chem. Corp.*, 1996 WL 111126, at *3 (Del. Super. Feb. 7, 1996); *Parvusa v. Tipton Trucking Co., Inc.*, 1993 WL 562196, at *4 (Del. Super. Dec. 1, 1993).

[14] *McCoy*, 1996 WL 111126, at *3.

2017, complaint for which the video footage is ambiguous that she is the employee being complained about. Ms. Barger argues that "neither her name nor a description of the person the customer is complaining about is in the complaint," and that the UIAB erred in not reviewing the video footage prior to making its determination. This Court disagrees. Although this video was not presented to the Appeals Referee or the UIAB, it was reviewed with Ms. Barger at her meeting with Mr. Valentine on December 20 prior to her termination. At this meeting and in his testimony, Mr. Valentine attested to the fact that he believed the employee being complained about in the video was Ms. Barger. Ms. Barger knew of the company's policies via her previous warnings and knew that an additional complaint could lead to her termination. This Court does not believe that a review of the video was necessary to a finding of "just cause" to discharge Ms. Barger, particularly when the UIAB found that she was terminated not simply for the final customer complaint, but rather for the broad scope of her performance in violation of company policy.[15]

As noted by the UIAB, the incident from December 16 was not an isolated incident of improper behavior at the workplace. Over a five-month period, from August 2017 through December 2017, Ms. Barger had demonstrated a pattern of rude and disrespectful behavior to customers on at least six identifiable occasions. As the termination note from Mr. Valentine explained, Ms. Barger's firing was a culmination of "too many customer complaints," not a reaction strictly to the latest incident. Ms. Barger does not deny that she received a written warning in October 2017 regarding her conduct and the number of customer complaints she had received, or that she was warned that demotion, loss of hours, or discharge would be

---

[15] Additionally, this Court again notes that the appellate court does not weigh the evidence or make its own factual findings, but merely determines if the evidence is legally adequate to support the agency's factual findings. Consequently, it would be inappropriate for this Court to review the video footage from December 16 and make a determination as to its factual accuracy.

the consequence of receiving any more customer complaints. This was not a case of being fired for a single instance of misconduct, but rather for a pattern of conduct in violation of the employer's interest.

Lastly, to the extent that Ms. Barger argues that she did not receive adequate notice that a subsequent customer complaint could result in her termination, this Court disagrees. As an initial matter, "the absence of advanced warning concerning the *consequences* of given acts, as opposed to notice of their impropriety, does not preclude a discharge for willful misconduct."[16] The Court notes that a "single unambiguous warning" is not necessarily required in every case: "[t]he inquiry into whether a warning is sufficient to put the employee on notice is 'very fact specific.'"[17] More pointedly, during the UIAB hearing, Ms. Barger admitted to having received several complaints and warnings, with her final warning in October 2017 stating that additional customer complaints *could result in termination*. While Mr. Valentine admitted in his testimony before the UIAB that there is no "per se" company policy regarding how many customer complaints is "too many," it is clear that Ms. Barger had knowledge of the company's policies and her infractions, and that she was on notice as of October 2017 that subsequent infractions could result in termination.[18]

As mentioned above, this Court's review is confined to the facts contained in the record. The Court does not weigh the evidence or make its own factual findings. Rather, it merely determines if the evidence is legally adequate to support the agency's factual findings. Upon a review of the record, the Court finds that the written warning dated October 17, 2017, unambiguously advised Ms. Barger of the

---

[16] *Coleman v. Department of Labor*, 288 A.2d 285, 288 (Del. Super. 1972) (citation omitted) (emphasis in original).

[17] *Murphy & Landon, P.A. v. Pernic*, 121 A.3d 1215, 1224 (Del. 2015).

[18] *McCoy*, 1996 WL 111126, at *3.

specific behaviors for which she was ultimately terminated, *i.e.,* receiving too many customer complaints. Ms. Barger was informed that these behaviors were unacceptable and would result in demotion, loss of hours, or discharge, if repeated. The Court finds there was substantial evidence to support the UIAB's determination that the notice provided was adequate, that Ms. Barger exhibited a pattern of conduct in violation of the employer's interest, and that she was terminated for "just cause." Ms. Barger has failed to carry her burden of showing why the UIAB's decision should be reversed.

**WHEREFORE,** the decision of the Unemployment Insurance Appeals Board is **AFFIRMED.**

**IT IS SO ORDERED.**

_/s/ Noel Eason Primos_____

Judge

NEP/wjs
*Via File&ServeXpress, U.S. Mail & Email*
oc.    Prothonotary
cc.    Vonnie Barger
       Crilly, Inc. d/b/a Dunkin Donuts
       Counsel of Record