# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NNENNA OBASI,                :

                                 :     C.A. No. K18A-07-006 NEP

          Appellant,        :     In and for Kent County

                                 :

         v.                     :

                                 :

UNEMPLOYMENT INSURANCE   :

APPEAL BOARD and WALMART   :

                               :

         Appellees.        :

## ORDER

Submitted: November 1, 2018
Decided: January 9, 2019

Appellant/Claimant Nnenna Obasi (hereinafter "Ms. Obasi") has appealed a decision of the Unemployment Insurance Appeals Board (hereinafter the "UIAB"), which affirmed the determination of the Appeals Referee denying her unemployment benefits. The Court's review is confined to the facts contained in the record, and it is those facts that are referenced herein.

Ms. Obasi filed for unemployment benefits on February 4, 2018. Ms. Obasi had previously worked as a Sales Associate in the Meat Department at Walmart. Ms. Obasi was hired in August 2017 and subsequently terminated on January 27, 2018, for "excessive absenteeism and tardiness."[1] On March 1, 2018, Ms. Obasi was disqualified from receiving unemployment benefits by a Claims Deputy.

---

[1] Ms. Obasi had purportedly reached the "maximum number of points allowed for discharge for a new hire. [Ms. Obasi] had received 8 points in attendance in a rolling six month period. Per the employer, a new associate is only allowed to have 4 points."

The Deputy's decision was mailed to Ms. Obasi on March 1, 2018, at her address of record in Dover, Delaware, and was not returned as undeliverable by the U.S. Postal Service. Claims Deputy decisions are considered final unless appealed within ten days.[2] Ten days from the date of the Claims Deputy's determination was March 11, 2018; however, because this date was a Sunday, Ms. Obasi's appeal was due no later than the next business day, March 12, 2018. Ms. Obasi did not file an appeal until March 16, 2018.

A hearing before an Appeals Referee was subsequently held on April 17, 2018, to consider the sole issue of the timeliness of Ms. Obasi's appeal. Ms. Obasi failed to appear at this proceeding, and the Referee dismissed the appeal.[3]

On April 24, 2018, Ms. Obasi requested that the UIAB hear an appeal of the Referee's decision.[4] On May 2, 2018, the UIAB remanded the case to the Appeals Referee "to allow all parties to attend." Subsequently, on May 29, 2018, the Referee once again conducted a hearing as to the timeliness of Ms. Obasi's appeal. Ms. Obasi asserted that her appeal was late because her apartment building was being renovated and she was moved to different apartments with minimal notice, which resulted in her not receiving her mail in a timely manner. The Referee affirmed the Claims Deputy's determination, holding that Ms. Obasi's appeal filed on March 16, 2018, was untimely and that her failure to file a timely appeal was not due to any administrative error on the part of the Department of Labor.[5] Rather, the Referee

---

[2] 19 *Del. C.* § 3318(b).

[3] This Decision was mailed to Ms. Obasi's same address of record on April 17, 2018. The Referee's decision advised on its face how to appeal, and that the last day to file an appeal was April 27, 2018.

[4] Ms. Obasi alleged that she had called and was told that the hearing was on April 18, 2018, and that she was at a mental health appointment and was moving.

[5] Pursuant to 19 *Del. C.* § 3318(b), "[u]nless a claimant...files an appeal within 10 calendar days after such Claims Deputy's determination was mailed to the last known address of the claimant...the Claims Deputy's determination shall be final...."

2

found that the Claims Deputy's determination had been properly mailed to Ms. Obasi to the address on record, that Ms. Obasi had received the determination, and that Ms. Obasi had failed to file a timely appeal within the time frame laid out in 19 *Del. C.* § 3318(b).

On June 11, 2018, Ms. Obasi filed a second appeal of the Referee's decision to the UIAB. The UIAB affirmed the Referee's decision, finding that Ms. Obasi's case failed to exhibit "Departmental error."

Ms. Obasi timely appealed the decision of the UIAB to this Court on July 23, 2018. In her appeal, Ms. Obasi stated that she had been moved from her apartment by the leasing office and had some "run around to get some mail."

An appeal from the UIAB to this Court is confined to a determination of whether the UIAB's decision is supported by substantial evidence and is free from legal error.[6] Evidence is substantial when it is such that a reasonable mind might accept as adequate to support a conclusion.[7] The UIAB's findings are conclusive and will be affirmed if supported by "competent evidence having probative value."[8] The appellate court does not weigh the evidence or make its own factual findings,[9] but merely determines if the evidence is legally adequate to support the UIAB's factual findings.[10] The party that attacks the UIAB's decision bears the burden of proof.[11] The UIAB does have discretion to review untimely appeals, but such discretion is "exercised rarely and only in cases where there has been administrative

---

[6] *E.g., Unemployment Ins. Appeal Bd. Dept. of Labor v. Duncan*, 337 A.2d 308, 308 (Del. 1975); *Thompson v. Christiana Care Health System*, 25 A.3d 778, 781–82 (Del. 2011).

[7] *Histed v. E.I. Dupont deNemours & Co.*, 621 A.2d 340, 342 (Del. 1993).

[8] *Geegan v. Unemployment Compensation Commission*, 76 A.2d 116, 117 (Del. Super. 1950).

[9] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

[10] 29 *Del. C.* § 10142(d).

[11] *Dep't of Justice v. Unemployment Ins. Appeal Bd.*, 2016 WL 3742158, at *4 (Del. Super. July 6, 2016) (citations omitted).

error by the Department of Labor that deprived the claimant of the ability to file a timely appeal or where the interests of justice would be served."[12]

Here, the Court finds that the UIAB's decision is supported by the evidence and is free from legal error and abuse of discretion. As the UIAB noted in its decision, "the Claims Deputy's Determination was mailed to [Ms. Obasi's] address on file with the Department creating a rebuttable presumption that the Decision was received by [Ms. Obasi]."[13] Ms. Obasi has not claimed any error by the Department of Labor, or stated any other grounds to indicate that the interests of justice would be served by the acceptance of her untimely appeal.

Ms. Obasi does not contest the timeliness of the appeal, as she herself informed this Court that she was unable to file a timely appeal and explained that her apartment building was being renovated and that she was moved to different apartments with little notice, which resulted in her not receiving her mail in a timely manner. Even accepted as true, a claimant's failure to receive the Referee's decision will not excuse a claimant's late appeal "unless the mailing fails to reach a party because of some mistake made by employees of the Department of Labor."[14]

Ms. Obasi has made no showing of a mistake or administrative error on the part of the Department of Labor. Indeed, the mailing appears to have been properly sent, as the UIAB noted in its decision, and this same address was used for later correspondence that Ms. Obasi apparently did receive, including the Referee's April 17, 2018 decision, which Ms. Obasi timely appealed on April 24, 2018, and the UIAB's May 2, 2018, remand decision. This Court must presume, in accordance

---

[12] *Wyatte v. Unemployment Ins. Appeal Bd.*, 140 A.3d 430 (Table), 2016 WL 3389911, at **2 (Del. 2016) (citations omitted).

[13] *See Straley v. Advanced Staffing, Inc.*, 2009 WL 1228572, at *3 (Del. Super. Apr. 30, 2009), *aff'd*, 984 A.2d 124 (Del. 2009).

[14] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 224 (Del. 1991); *Rodney Sq. Building Restorations, Inc. v. Noel*, 2008 WL 2943376, at *4 (Del. Super. July 22, 2008).

with Delaware law, that the properly addressed mailing was received by Ms. Obasi, and mere denial of receipt without supporting evidence is insufficient to rebut such a presumption.[15]

The Court now turns to determine if the UIAB abused its discretion in failing to hear the appeal *sue sponte* despite its untimeliness. Pursuant to 19 *Del. C.* § 3320(a), the UIAB may "affirm, modify, or reverse any decision of an appeal tribunal on the basis of the evidence previously submitted to the appeal tribunal...." As previously noted, the UIAB's *sua sponte* discretion to hear an untimely appeal is "exercised rarely and only in cases where there has been administrative error by the Department of Labor that has deprived the claimant of the ability to file a timely appeal or where the interests of justice would be served."[16] It is well settled that where the UIAB refuses to exercise its discretion to consider *sua sponte* an untimely appeal, and the claimant has presented no extraordinary circumstances or error on the part of the Department of Labor, the UIAB has not abused its discretion.[17]

As mentioned above, this Court's review is confined to the facts contained in the record. The Court does not weigh the evidence or make its own factual findings. Rather, it merely determines if the evidence is legally adequate to support the agency's factual findings. Upon a review of the record, the Court finds that Ms. Obasi has not shown any extraordinary circumstances or error on the part of the Department of Labor, and therefore concludes that the UIAB's decision is supported

---

[15] *Cassello v. News Journal Co.,* 2010 WL 5825342, at *3 (Del. Super. Dec. 29, 2010) (citing *Lively v. Dover Wipes Co.,* 2003 WL 21213415, at *1 (Del. Super. May 16, 2016)).

[16] *Han v. Unemployment Ins. Appeal Bd.,* 93 A.3d 653 (Table), 2014 WL 2650234, at *2 (Del. 2014).

[17] *Id.; Funk,* 591 A.2d at 225; *Pacheco v. Unemployment Ins. Appeal Bd.,* 2013 WL 6039424, at *2 (Del. Super. Oct. 21, 2013); *Cassello,* 2010 WL 5825342, at *4.

by substantial evidence and free from legal error.

**WHEREFORE,** the decision of the Unemployment Insurance Appeals Board
is **AFFIRMED.**

**IT IS SO ORDERED.**

/s/ Noel Eason Primos
Judge

NEP/wjs
*Sent via-File & ServeXpress and U.S. Mail*
oc:    Prothonotary
       Nnenna Obasi
       Walmart
       Counsel of Record
       File